**Thomas Leo VETTER, Respondent,**

v.

**Richard A. KING, Director of the Department of Revenue, Appellant.**

**No. 66418.**

Supreme Court of Missouri, En Banc.

May 29, 1985.

Richard L. Wieler, Asst. Atty. Gen., Ninion S. Riley, Sharon M. Busch, Missouri Dept. of Revenue, Jefferson City, for appellant.

Dewey S. Godfrey, Jr., St. Louis, for respondent.

GUNN, Judge.

This is another challenge to the Missouri law dealing with drunken drivers and suspension of their driving privileges. The Director of Revenue appeals from a judgment of the circuit court rescinding a determination made by the Department of Revenue to suspend the respondent's driving privileges. The judgment, obtained after a trial de novo, was premised upon the trial court's finding that §§ 302.500–.540, RSMo Cum.Supp.1984, concerning alcohol related traffic offenses, are impermissibly vague and violative of the equal protection guarantees of the Constitutions of the United States and of Missouri. U.S. Const. amend. XIV, § 1; Mo. Const. art. I, § 2. Because this case involves the validity of a state statute, this Court has exclusive appellate jurisdiction. Mo. Const. art. V, § 3. We reverse the judgment of the circuit court.

The facts are not in dispute. Thomas Vetter was arrested for speeding and driving while intoxicated. A breathalyzer test was administered at the zone office of the highway patrol, with the results indicating that Vetter had a blood alcohol content (BAC) in excess of thirteen-hundredths of one percent (.13). Vetter was served with notice of license suspension pursuant to § 302.515, RSMo Cum.Supp.1984. Suspension of his license was later upheld in an

administrative hearing, and Vetter petitioned for a trial de novo in circuit court.

The trial court determined that the arresting officer had probable cause to charge Vetter with driving while intoxicated; but, that "Section 302.505 has too vague and uncertain a criteria upon which to base an arrest." The court also found that §§ 302.500.–540 violate the equal protection clauses, because "[a]ll DWI arrestees are not treated equally with summary loss of license." The trial court ordered the return of Vetter's license. The Director of Revenue filed this appeal.

■ In determining whether a statute is impermissibly vague, the courts traditionally have applied a two-prong analysis. The statute must: 1) define the offensive conduct with sufficient definiteness that ordinary people can discern what acts are prohibited; and 2) define the conduct in a manner which does not encourage arbitrary and discriminatory application. *Kolender v. Lawson*, 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983); *Village of Hoffman Estates v. Flipside*, 455 U.S. 489, 498, 102 S.Ct. 1186, 1193, 71 L.Ed.2d 362 (1982); *State v. Brown*, 660 S.W.2d 694, 697 (Mo. banc 1983). Although the "vagueness doctrine" focuses on both of these factors, the United States Supreme Court has recognized that the more important aspect is "the requirement that a legislature establish minimal guidelines to govern law enforcement." *Kolender v. Lawson*, 461 U.S. at 358, 103 S.Ct. at 1858; *Smith v. Goguen*, 415 U.S. 566, 574, 94 S.Ct. 1242, 1247, 39 L.Ed.2d 605 (1974).

■ With regard to this more important point, we find no constitutional infirmity. The statute found invalid by the trial court in this case, § 302.505, RSMo Cum.Supp. 1984, is substantially the same as the 1983 version challenged and upheld in *Collins v. Director of Revenue*, 691 S.W.2d 246, (No. 66788, Mo. banc May 29, 1985). Reference to the *Collins* opinion reveals that the entire statutory act must be construed as a whole and in a manner consistent with legislative intent. When so construed, the statute requires the arresting officer to possess probable cause to effect an arrest under § 577.010, RSMo Cum.Supp.1984 (driving while intoxicated), or § 577.012, RSMo Cum.Supp.1984 (driving with excessive blood alcohol content). If chemical analysis later reveals that the driver has a BAC of .13 percent or greater, only then is he or she subject to the suspension or revocation procedures outlined in § 302.-505, RSMo Cum.Supp.1984. The statute, therefore, sets forth precise standards for the invocation of the penalty. The law does not encourage arbitrary or discriminatory enforcement. This is not a circumstance in which the legislature has failed to provide such minimal guidelines that police and Revenue Department officials are permitted to pursue their "personal predilections." *See Kolender v. Lawson*, 461 U.S. at 358, 103 S.Ct. at 1858.

Likewise, the second prong of the vagueness doctrine analysis is satisfied. The statute adequately warns an individual of the prohibited conduct which will subject him to the prescribed penalty. Pragmatically a driver has no ready means of determining exactly when his drinking will place him in the forbidden range of .13 percent BAC or greater. But impossible standards of specificity are not required, and if the law employs terms which are understandable by persons of ordinary intelligence, the statute satisfies the constitutional requirements of definiteness and certainty. *State v. Brown, supra; Prokopf v. Whaley*, 592 S.W.2d 819, 824 (Mo. banc 1980).

The challenged statute gives clear signal that a person's self-induced inebriation may produce swift penalty and retributive justice if he or she also drives. The law should not be deemed invalid merely because it does not precisely predict for each individual how much alcohol can be consumed before exposure to license suspension or revocation. The best course to follow is found in the venerable adage: "If you drink, don't drive."

■ The Director of Revenue next asserts error in the trial court's finding that the entire act, §§ 302.500–.540, RSMo Cum.

Supp.1984, violates the guarantees of equal protection. A similar contention was raised in the companion case of *Collins v. Director of Revenue, supra,* with regard to the 1983 version of the same act. We held that the 1983 act was not invalid despite the differential treatment applied to various classes of drivers. The wording employed in the two statutory schemes is nearly identical, and, concordantly, we find §§ 302.500–.540, RSMo Cum.Supp.1984 to be valid.

Finally, the Director contends error in the trial court's assessment of court costs against the state. The respondent concedes the point. It is well established that absent a statute to the contrary, costs are not recoverable from the state in its own courts. *Canteen Corporation v. Goldberg,* 592 S.W.2d 754, 756 (Mo. banc 1980).

The judgment of the circuit court is reversed. The determination of the Department of Revenue, suspending the respondent's license, is reinstated.

HIGGINS, BILLINGS, BLACKMAR and DONNELLY, JJ., concur.

RENDLEN, C.J., dissents in separate opinion filed.

WELLIVER, J., dissents and concurs in separate dissenting opinion of RENDLEN, C.J.

RENDLEN, Chief Justice, dissenting.

I respectfully dissent, for essentially the same reasons expressed in my dissent in *Lester R. Collins vs. Director of Revenue and Naomi L. Johnson v. Director of Revenue,* 691 S.W.2d 246, decided this date. For the reasons stated there I believe the statute requires a probable cause belief by the arresting officer that the suspect is more than slightly intoxicated (i.e. a BAC of 13/100 of 1% or more) at the time of the arrest as the essential first step in the administrative driving privilege revocation process. I agree with the majority that the statutory scheme is neither impermissibly vague or uncertain nor violative of due process considerations. However, we are not free to construe § 302.505, RSMo Cum.Supp.1984, as the majority does, in a manner only as it may relate to §§ 577.010 and 577.012, the substantive criminal offenses relating to drunken driving. Indeed the statute is designed to provide an expeditious means for administrative suspension of driving privileges, not to define crimes or prescribe punishments.

I, therefore, find it necessary to offer the following observations: Although an officer may possess the necessary belief of probable cause required to charge a driver under § 577.010 (driving while intoxicated) such belief *alone* is not sufficient under § 302.505 for the officer to set in motion the process impacting—potentially—the driving privilege of the subject. Unless the officer can formulate at the time of arrest a belief that the subject is intoxicated "enough" the officer cannot initiate administrative driving privileges suspension. This is not to suggest that the level of probable cause (i.e.—a belief that the suspect has a BAC of at least $^{13}/_{100}$ of 1%) if present is sufficient standing alone to permit the suspension. It must be followed by the chemical test demonstrating a sufficient alcohol content in blood, in the manner prescribed by the principal opinion.

Accordingly, to resolve the uncertainty in this new procedure, I would order remand for presentation of evidence regarding the arresting officer's belief and the subsequent administrative actions leading to the suspension.