Charles E. STEWART, Appellant,

v.

DIRECTOR OF REVENUE and State of Missouri, Respondents.

No. 66909.

Supreme Court of Missouri,
En Banc.

Jan. 15, 1986.

Andrew J. Gelbach, Warrensburg, for appellant.

William L. Webster, Atty. Gen., Melodie Powell, Asst. Atty. Gen., Robert D. Aulgur, Clate S. Baker, Missouri Dept. of Revenue, Jefferson City, for respondents.

DONNELLY, Judge.

Appellant was arrested by a Missouri State Highway Patrolman for driving while intoxicated, § 577.010, RSMo Supp.1984. Chemical analysis of appellant's breath revealed a blood alcohol concentration (BAC) of two hundred fifty-nine thousandths (.259) of one percent. The Department of Revenue (Department) subsequently notified appellant that his driver's license would be suspended as a result of his arrest. § 302.505, RSMo Supp.1984. At an administrative hearing conducted pursuant to § 302.530, RSMo Supp.1984, the suspension order was reviewed and ultimately sustained by the Department. The suspension order was again reviewed and sustained following a trial de novo in the circuit court. § 302.535, RSMo Supp.1984. Appellant now appeals the decision of the circuit court contending that the license suspension procedures set forth in §§ 302.-500 et seq., RSMo Supp.1984, are unconstitutional and conflict with other statutes and that the State failed to establish by a preponderance of the evidence that the arresting officer had probable cause to believe that appellant was driving a motor vehicle at a time when his BAC was thirteen hundredths (.13) of one percent or more. Since the constitutional validity of a statute is at issue, this Court is vested with exclusive appellate jurisdiction. Mo.Const. art. V, § 3.

Appellant makes the following challenges to the constitutionality of the procedures pertaining to administrative suspension of driving privileges set forth in §§ 302.500 et seq.: that the suspension procedures create an arbitrary and unreasonable classification in violation of the Equal Protection Clause of U.S. Const. amend. XIV, § 1 and Mo.Const. art. I, § 2 because the procedures are made applicable to persons arrested on probable cause of driving with an unlawful BAC of thirteen hundredths (.13) of one percent but not to persons arrested on probable cause of driving with an unlawful BAC of at least ten hundredths (.10) of one percent[1]; that § 302.505 is impermissibly vague in violation of Mo.Const. art. I, § 10; and that the suspension procedures, in violation of the due process clause of Mo.Const. art. I, § 10, authorize the Department to suspend driving privileges without having to present evidence.

Appellant concedes in his brief that this Court has rejected the notion that the administrative procedures set forth in §§ 302.500 et seq. violate state and federal equal protection guarantees and that this Court has refused to find the challenged statutes unconstitutionally vague. *See Collins v. Director of Revenue*, 691 S.W.2d 246 (Mo.banc 1985); *Vetter v. King*, 691 S.W.2d 255 (Mo. banc 1985). Appellant nevertheless urges this Court to reconsider its decisions.

So long as fundamental rights or suspect classifications are not involved, equal protection requires only that a legis-

---

1. A person commits the offense of "driving with excessive blood alcohol content" if he operates a motor vehicle while his BAC is ten-hundredths (.10) of one percent or more. § 577.012, RSMo Supp.1984.

lative classification bear some rational relationship to a legitimate state purpose.[2] *See Labor's Educational and Political Club-Independent v. Danforth*, 561 S.W.2d 339, 347 (Mo. banc 1977); *Kansas City v. Webb*, 484 S.W.2d 817, 824 (Mo. banc), *cert. denied* 409 U.S. 851, 93 S.Ct. 62, 34 L.Ed.2d 93 (1972). The laudable statutory purpose of removing those drivers from the roadways who are most likely to be unable to operate an automobile safely due to excessive intoxication demonstrates a rational basis for subjecting persons determined to have a BAC of thirteen hundredths (.13) of one percent or more at the time of arrest to harsher license suspension sanctions than persons determined to have a lower BAC. *Collins*, 691 S.W.2d at 250; *Vetter*, 691 S.W.2d at 258.

■ We reject appellant's contention that § 302.505.1 is impermissibly vague for failure "to adequately define and set out the 'probable cause' standard" employed in the statute. The meaning of § 302.505.1 is evident when read in harmony with the other provisions pertaining to license suspension set forth in §§ 302.500 et seq. An arrest made upon probable cause that a violation of § 577.010, RSMo Supp.1984, (driving while intoxicated) or § 577.012, RSMo Supp.1984 (driving with excessive blood alcohol content) has occurred will subject the arrestee to administrative license suspension proceedings when chemical analysis reveals a BAC of thirteen hundredths (.13) of one percent or greater. *Vetter*, 691 S.W.2d at 257; *Collins*, 691 S.W.2d at 251–252.

■ For the reasons stated in *Vetter*, we reject appellant's contention that permitting the State to satisfy its burden of proof without presenting witnesses at the administrative hearing deprived him of his right of confrontation and cross-examination of witnesses against him.

[T]he Missouri Administrative Procedure Act, in particular, § 536.070(2), RSMo 1978, provides each party with the opportunity to call and examine witnesses, to introduce exhibits and 'to impeach any witness regardless which party first called him to testify.' Further, any aggrieved person in a contested case has a right to subpoena any witness to appear at the administrative hearing. Section 536.077, RSMo 1978.

The existence of this unbridled subpoena right undercuts any argument that the administrative hearing procedure was unfair.

691 S.W.2d at 254–255. *Compare August v. Department of Motor Vehicles*, 264 Cal. App.2d 52, 70 Cal.Rptr. 172 (1968).

■ Nor is there merit in appellant's contention that under § 302.530.4 and § 536.070, RSMo 1978, the State must present the testimony of live witnesses at the administrative hearing to establish a prima facie case and may not rely exclusively on records in the Department case file. There is nothing in the language of either § 302.530.4 or § 536.070 that remotely supports this proposition.

■ Appellant further contends that the State failed to satisfy its burden under § 302.505.1 of establishing that the highway patrolman who arrested him had probable cause to believe that he had operated a motor vehicle while his BAC was thirteen hundredths (.13) of one percent or more. Section 302.505.1 requires the State to establish: (1) that the arresting officer had probable cause to effect the initial arrest (i.e. probable cause to believe that a violation of § 577.010 or § 577.012 occurred based upon the particular facts and circumstances); and (2) that chemical analysis revealed that the arrestee had a BAC of thirteen hundredths (.13) of one percent or more. We believe the following evidence was sufficient to establish probable cause

2. In support of each of his constitutional claims, appellant argues that the driving privilege is a "fundamental right" requiring heightened judicial scrutiny. We disagree. *See Dixon v. Love*,

431 U.S. 105, 113, 97 S.Ct. 1723, 1727–28, 52 L.Ed.2d 172 (1977); *Anacker v. Sillas*, 65 Cal. App.3d 416, 424, 135 Cal.Rptr. 537, 541 (1977).

to make the initial arrest: that at approximately 1:30 a.m. on July 15, 1984, a highway patrolman found appellant and another sitting in a pickup truck which was parked on the shoulder of U.S. Highway 50; that appellant was seated directly behind the steering wheel of the truck with the engine still running; that, in response to an inquiry by the highway patrolman, appellant stated that he had been drinking; that appellant had blood shot eyes, moved with unsteady balance and smelled of alcohol; and that appellant failed three field sobriety tests performed at the request of the arresting officer. *C.f. State v. Darabcsek,* 412 S.W.2d 97 (Mo.1967). Given that chemical analysis of appellant's breath revealed a BAC of two hundred fifty-nine thousandths (.259) of one percent, the State fully satisfied its burden under § 302.505.1.

■ We decline to consider appellant's final contention that the trial court erred in admitting into evidence the results of chemical analysis of his breath. It is specifically argued that the officer operating the breath analyzer failed to comply with 13 CSR 50–140.060, the operating procedures approved by the Missouri Division of Health, which require that the person being subjected to breath analysis be observed for at least fifteen minutes prior to testing. The only objection which appellant asserted at trial concerning the admission into evidence of the breathalyzer test results was that "a proper foundation has not been laid." "A general objection of lack of foundation does not call to the court's attention the aspect of the foundation which is considered lacking. As such it is inadequate to preserve the matter for review." *Pazdernik v. Decker,* 652 S.W.2d 319, 321 (Mo.App.1983). *See also State v. Cone,* 338 S.W.2d 22 (Mo.1960).

The judgment of the circuit court upholding the suspension of appellant's driving privileges is affirmed.

All concur.