Jeffrey B. KRAMER, Respondent,

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

No. WD 51675.

Missouri Court of Appeals, Western District.

June 11, 1996.

Jeremiah W. (Jay) Nixon, Atty. Gen., Theresa Miller, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Robert G. Harrison, Liberty, for respondent.

Before LOWENSTEIN, P.J., and HANNA and SPINDEN, JJ.

HANNA, Judge.

The Director of Revenue appeals from the trial court's judgment ordering the Director to remove the administrative suspension, for driving while intoxicated, from Jeffrey B. Kramer's driving record.

The facts are not in dispute. In the early morning hours of August 20, 1994, a police officer noticed Mr. Kramer's pick-up truck, with its lights on, sitting in a parking lot. The businesses located at this site were closed. The officer did not see a driver in the truck. When he pulled in behind the truck to check the license plate, the officer noticed Kramer slumped over the steering wheel, apparently passed out. When the officer awoke Kramer, he noticed a moderate odor of intoxicants about him, and food or vomit on the front of his shirt. Kramer was given a series of field sobriety tests, which he failed. He registered a blood alcohol content of .163 per cent and was arrested for driving while intoxicated.

Kramer's driving privileges were suspended by the Director for driving under the influence pursuant to § 302.500 through § 302.540, RSMo 1994. He filed a petition in the Circuit Court challenging his driving suspension. The court found that the arresting officer did not have probable cause to stop Kramer and ordered the Director to remove the administrative suspension. The Director appeals.

▪ Our standard of review is governed by *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976), and we must uphold the trial court's judgment unless it is not supported by substantial evidence, is against the weight of the evidence, or the trial court has erroneously declared or applied the law. *Id.* at 32.

▪ In the Director's only point, it argues that the officer had probable cause to arrest Kramer for driving while intoxicated. For the Director to suspend a driver's license under § 302.505.1, RSMo 1994, it must establish that: (1) the driver was arrested upon probable cause that he or she was driving in violation of an alcohol related offense; and (2) the driver had been driving at a time when his or her blood alcohol concentration exceeded the legal limit. *Stewart v. Director of Revenue,* 702 S.W.2d 472, 475 (Mo. banc 1986).

▪ The Director carries the burden of establishing probable cause for arresting the driver for an alcohol related offense. *Lambert v. Director of Revenue,* 897 S.W.2d 204, 205 (Mo.App.1995). Probable cause exists when the facts and circumstances would warrant a person of reasonable caution to believe that an offense has been or is being committed. *Chinnery v. Director of Revenue,* 885 S.W.2d 50, 51 (Mo.App.1994). This determination is made "in relation to the circumstances as they would have appeared to a prudent, cautious, and trained police officer." *Id.* It is not necessary for an officer to actually see a person driving in order to have probable cause to arrest that person for driving while intoxicated, rather the officer may rely upon circumstantial evidence. *Id.*[1]

The officer approached Kramer's vehicle to investigate because it was sitting in a deserted parking lot, in close proximity to closed businesses, with its headlights on, in the early morning hours. Indeed, it would be expected that an officer would investigate in this situation.

Kramer argues that he was unlawfully stopped because the officer did not see him committing a traffic violation or operating his vehicle in an unusual manner, nor did the officer have a reasonable suspicion that Kramer was involved in criminal conduct. Although it is not clear, Kramer apparently identifies the officer's approach of his vehicle to check the license plate as the point at which the stop occurred.

▪ "[A]ny assessment as to whether police conduct amounts to a seizure implicating the Fourth Amendment must take into account 'all of the circumstances surrounding the incident' in each individual case." *Michigan v. Chesternut,* 486 U.S. 567, 572, 108 S.Ct. 1975, 1979, 100 L.Ed.2d 565 (1988). Not all personal contact between a policeman and a citizen involves a "seizure" of the person. Only when the officer, by means of physical force or a show of authority, has in some way restrained the liberty of a citizen, has a "seizure" occurred. *Terry v. Ohio,* 392 U.S. 1, 19, 88 S.Ct. 1868, 1878, 20 L.Ed.2d 889 (1968). Merely pulling up behind Kramer's truck was not an attempt to capture Kramer or an intrusion upon his freedom. *See Chesternut,* 486 U.S. at 575, 108 S.Ct. at 1979.

▪ When the officer pulled up behind Kramer's truck and noticed that the engine was running and that Kramer was passed out and slumped over the steering wheel, he had cause to approach him. Upon approaching Kramer, the officer discovered that he had an odor of intoxicants about him, and either food or vomit on the front of his shirt. When the officer approached Kramer, awoke him, and requested that he turn off the truck's engine, a "stop" or "seizure" occurred. *Id.* at 573, 108 S.Ct. at 1979.

▪ At this point, the officer had good reason to believe that Kramer may have been illegally operating a motor vehicle while intoxicated. A brief investigatory stop is permissible when a police officer has a reasonable suspicion, based upon specific and articulable facts, that a person was or is involved in criminal activity. *State v. Duncan,* 879 S.W.2d 749, 751 (Mo.App.1994). This is true even when the officer does not

---

1. A running engine is significant because it provides direct evidence of the coincidence of driving and intoxication even though an intoxicated person found alone in a motionless car may be asleep or unconscious. *Chinnery,* 885 S.W.2d at 52.

have probable cause for an arrest at that moment. *State v. Adell,* 716 S.W.2d 469, 471 (Mo.App.1986). Additional information discovered during an initial detention may justify escalation of the intrusion and further detention. *State v. Kovach,* 839 S.W.2d 303, 310 (Mo.App.1992). At this point, the officer conducted field sobriety tests, which provided further evidence that Kramer was intoxicated. Probable cause then existed to arrest Kramer for driving while intoxicated.

The arresting officer had the requisite facts to make an investigatory stop based on his observations and, subsequently, to arrest Kramer for driving while intoxicated.

The judgment of the trial court is reversed and the cause remanded for reinstatement of the administrative suspension of Kramer's driving privileges.

LOWENSTEIN, P.J., and SPINDEN, J., concur.