**John C. MATTHEWS, III, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

No. 21087.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 14, 1997.

Jeremiah W. (Jay) Nixon, Atty. Gen., Ronald D. Pridgin, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

No appearance, for respondent.

MONTGOMERY, Chief Judge.

The Director of Revenue ("Director") appeals the reinstatement of the driving privileges of John C. Matthews, III ("Matthews") after an administrative suspension of such privileges pursuant to § 302.505.[1] The judgment is reversed and we order the reinstatement of the Director's suspension of Matthews' driving privileges.

On November 25, 1995, Matthews was arrested for driving while intoxicated. The Director subsequently suspended Matthews' driving privileges. This suspension was upheld after an administrative hearing. Matthews filed a petition for and received a trial de novo.

At trial, Officer Timothy Foust testified that at the time of the arrest he was a "public safety officer" for Sikeston, had attended "the 480–hour, three-month police academy," and was "a properly certified police officer pursuant to the Revised Statutes of Missouri, Chapter 590." In the early morning hours of November 25, 1995, Officer Foust was on patrol. Specifically, he was checking churches due to a rash of church burglaries in the area. At approximately 3 a.m., he noticed two cars parked with their lights on in the parking lot of Concordia Lutheran Church. He became concerned because of the recent burglaries. As he pulled into the lot to further assess the situation, both cars started to move. Foust turned on his emergency lights in order to stop them before they left the lot.

Foust approached the first vehicle and asked the driver what he was doing in the church parking lot at three o'clock in the morning. At that point, Matthews got out of the driver's side of the second vehicle and approached Officer Foust. Foust asked Matthews if he had a driver's license. As he handed Foust the license, Matthews fell into Foust. Foust smelled alcohol on Matthews' breath and noticed he was staggering. Matthews admitted he had consumed "maybe five beers and a couple of shots."

---

1. Statutory references are to RSMo 1994 unless otherwise indicated.

Officer Foust asked Matthews to submit to some field sobriety tests. Matthews complied. He attempted the "walk-and-turn" test after Foust demonstrated it. Matthews was unable to keep his balance and did not touch heel-to-toe. He also attempted the "one leg stand." He swayed and used his arms for balance after being instructed not to do so. He was only able to hold his leg up to the count of seventeen.

After Matthews failed both sobriety tests, Foust placed him under arrest pursuant to Sikeston's ordinance prohibiting driving while intoxicated. Foust then requested that Matthews take a breath test to measure his blood alcohol content. Matthews consented. He does not dispute the procedural or mechanical validity of the test. The parties stipulated that the machine recorded Matthews' test result as .15%.

After the trial court heard the foregoing evidence, it took the matter under advisement. On June 7, 1996, the court entered judgment in which it set aside the suspension of Matthews' license and ordered the Director to reinstate Matthews' driving privileges. The judgment stated that "the arresting officer did not have probable cause to arrest [Matthews] for driving while intoxicated" and that "[t]he arresting officer was not certified pursuant to Chapter 590 RSMo." On appeal, the Director challenges both of these determinations.

■ A suspension of driving privileges pursuant to § 302.505 requires a two-part showing: (1) that the driver was arrested upon probable cause that he or she was driving in violation of an alcohol-related offense; and (2) that the driver had a blood alcohol content of at least .10% by weight. *Brandom v. Director of Revenue*, 931 S.W.2d 510, 511 (Mo.App.1996). "If the arrest is by a non-elected law enforcement officer for violation of county or municipal ordinance, § 302.510.3 requires that the trial court make the further finding that the arresting officer has been certified by the director of the Missouri Department of Public Safety pursuant to the provisions of §§ 590.100–.150." *Tidwell v. Director of Revenue*, 931 S.W.2d 488, 490 (Mo.App.1996). Only probable cause and certification are at issue in this appeal.

■ "The Director carries the burden of establishing probable cause for arresting the driver for an alcohol related offense." *Kramer v. Director of Revenue*, 924 S.W.2d 308, 310 (Mo.App.1996). "Probable cause exists when the facts and circumstances would warrant a person of reasonable caution to believe that an offense has been or is being committed." *Id.* On the night of the arrest Officer Faust was armed with the knowledge that area churches had been burglarized recently. His assignment was to patrol churches to prevent similar crimes. It was nearly three o'clock in the morning when he happened upon two cars in a church parking lot. When he went to investigate, Foust saw both cars, including the one driven by Matthews, begin to move out of the lot.

■ The recent crimes, coupled with the late hour and the attempt to leave, could have made a cautious officer suspicious that illegal activity was afoot. "A brief investigatory stop is permissible when a police officer has a reasonable suspicion, based upon specific and articulable facts, that a person was or is involved in criminal activity." *Id.* While attempting to ascertain the reason for Matthews' presence in the church lot, Officer Foust observed the smell of alcohol on his breath. Matthews was staggering and almost fell at one point. He failed two field sobriety tests. At this point, Officer Foust had probable cause to arrest Matthews for driving while intoxicated. *See Kramer*, 924 S.W.2d at 311.

■ We now turn to the certification issue. "Certification of the arresting officer is an essential element of the state's case in an action to suspend driving privileges as a result of arrest for a county or municipal violation of a 'DWI' ordinance." *Allen v. Director of Revenue*, 845 S.W.2d 724, 725 (Mo.App. 1993). Officer Foust testified that he was "a properly certified police officer pursuant to the Revised Statutes of Missouri, Chapter 590." Matthews did not object to this testimony, nor did he offer any evidence disputing it. The trial court did not issue findings of fact or conclusions of law, making it diffi-

cult to ascertain the basis for its determination that Officer Foust was not properly certified. The judgment cannot be affirmed on the basis that the trial court might have disbelieved the testimony of the officer when Matthews presented no contrary evidence. *See Brandom*, 931 S.W.2d at 512. There was no basis for the trial court's determination that Officer Foust was not properly certified. *See Cooley v. Director of Revenue*, 896 S.W.2d 468 (Mo. banc. 1995) (holding that officer's testimony that he was certified under Chapter 590 was erroneously excluded based upon a best evidence objection).

 We will affirm the decision of the trial court unless there is no substantial evidence to support it, unless the decision is contrary to the weight of the evidence, or unless the trial court erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976). "Nevertheless, such standard does not permit this court to affirm the judgment of the trial court by merely disregarding all uncontradicted evidence that supports Director's contention that all elements for an administrative revocation of [the driver's] license were proven." *Tidwell*, 931 S.W.2d at 491. Here, there was uncontroverted evidence that Matthews was arrested upon probable cause for driving while intoxicated, that he was driving at a time when his blood alcohol content exceeded the legal limit, and that the arresting officer was properly certified under Chapter 590. Accordingly, the trial court's judgment lacks evidentiary support, and it is against the weight of the evidence. *See Tidwell*, 931 S.W.2d at 492; *Brandom*, 931 S.W.2d at 512.

We reverse the judgment of the trial court and remand the case for entry of a judgment upholding the Director's suspension of Matthews' driving privileges.

CROW, P.J., and SHRUM, J., concur.