James E. WHITWORTH, Respondent,

v.

DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.

No. WD 53110.

Missouri Court of Appeals,
Western District.

March 16, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 27, 1999.

**116**

Jeremiah W. (Jay) Nixon, Atty. Gen., Charles L. Gooch, Sp. Asst. Atty. Gen., Jeffeson City, for appellant.

Michael S. Shipley, Liberty, for respondent.

Before ULRICH, P.J., SPINDEN, J. and ELLIS, J.

ULRICH, Presiding Judge.

The Director of Revenue appeals the judgment of the trial court reversing the decision of an administrative hearing officer that affirmed the Director's suspension of James Whitworth's driving privileges to operate a motor vehicle as authorized by section 302.505.[1] The suspension resulted from Liberty, Missouri, police officers stopping the vehicle Mr. Whitworth was driving and arresting him when they believed he was then operating the motor vehicle with a blood alcohol content in excess of .10%.

The Director asserts on appeal that the trial court erred in reversing the Director's administrative suspension of Mr. Whitworth's driving privileges because the facts existing when Mr. Whitworth's vehicle was stopped by the law enforcement officers justify the stop and also support the conclusion that the law enforcement officers had probable cause to arrest Mr. Whitworth for driving while intoxicated. Mr. Whitworth's blood alcohol concentration, determined by breathalyzer test soon after his arrest, equaled or exceeded .10% by weight. Because the breathalyzer test administered after the arrest reflected that Mr. Whitworth's blood alcohol content was then .10 % by weight or more, the Director claims authority to suspend Mr. Whitworth's driving privileges and asserts the validity of the suspension under section 302.505.

The ultimate issue presented is whether the exclusionary rule applies to driver's license revocation proceedings provided for in section 302.505 when law enforcement officers did not have probable cause to stop the person who was driving a motor vehicle and whose driver's license the Director is endeavoring to revoke.

### Facts

Two Liberty police officers, riding together in a city police vehicle at about 1:00 a.m., January 14, 1996, observed a pickup truck containing four people exit a vehicular access to small businesses within the Liberty city limits. The vehicular access served doctor's offices, a veterinary office, and a title insurance company located in an area known as "the Cobblestone Businesses." None of the businesses were then open. The vehicular entrance from which the truck exited was the only vehicular access and egress to the businesses. Alerted by superiors to be attentive to suspicious activity because of break-ins and vandalism that had occurred within the city limits of Liberty, the police officers followed the vehicle for several blocks within the city limits and observed the driver of the vehicle commit no traffic infractions. The police officers, utilizing the emergency warning devices on the police vehicle in which they were riding, caused the driver of the vehicle they were following to stop. Mr. Whitworth was driving the vehicle. The police officers determined that Mr. Whitworth appeared to be under the influence of alcohol and took him to the police station where he submitted to a breathalyzer test that reflected his blood alcohol content to be .10 or greater. The Director of Revenue suspended Mr. Whitworth's driving privileges as provided by sections 302.500—302.540,

---

1. All statutory references are to RSMo 1994 unless otherwise indicated.

and Mr. Whitworth filed his petition for trial de novo.

The police officers acknowledged at the trial on Mr. Whitworth's petition that they had no reason to believe a crime had been committed by the occupants of the vehicle when the officers caused the driver, Mr. Whitworth, to stop. The officers stopped the vehicle because it had exited from the area of the small businesses at about 1:00 a.m., when the businesses were closed; no other business, residences or other entities was accessible from the location; and the police officers wanted to be able to identify the occupants for future inquiry if illegal activity were later proved to have occurred at or near the businesses at or about the time the occupants were identified by the police officers. The trial court determined that the police officers lacked sufficient legal basis to stop Mr. Whitworth the early morning of January 14, 1996, and on that basis reversed the decision of the administrative hearing officer affirming the Director's suspension of Mr. Whitworth's driving privileges under 302.505. The Director appeals the judgment of the trial court.

### Standard of Review

*Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976), establishes the standard of review. The trial court's judgment will be affirmed unless it is not supported by substantial evidence, it is against the weight of the evidence, or the trial court erroneously declared or applied the law. *Id.* at 32; *Kramer v. Director of Revenue*, 924 S.W.2d 308, 310 (Mo.App. W.D.1996).

### Authority to Stop Mr. Whitworth

■ Whether probable cause existed to arrest Mr. Whitworth for violating section 302.505.1, a drunk driving law, is not contested. The sole issue preserved is whether the police officers had legal authority to stop Mr. Whitworth, before probable cause for his arrest under section 302.505.1, was determined. Section 302.505 is the authorizing statute upon which the Director relies in support of his position that although probable cause was required for law enforcement officers to arrest Mr. Whitworth, probable cause was not required for law enforcement officers to stop Mr. Whitworth. The statute provides authority for the Director of Revenue to suspend or revoke a person's driver's license when certain events occur. Section 302.505.1 states, in part:

> The department shall suspend or revoke the license of any person upon its determination that the person was arrested upon probable cause to believe such person was driving a motor vehicle while the alcohol concentration in the person's blood, breath, or urine was ten-hundredths of one percent or more by weight, based on the definition of alcohol concentration in section 302.500, or where such person was less than twenty-one years of age when stopped and was stopped upon probable cause to believe such person was "driving while intoxicated" in violation of section 577.010, RSMo, or "driving with excessive blood alcohol content" in violation of section 577.012, RSMo, or upon probable cause to believe such person violated a state, county or municipal traffic offense and such person was driving with a blood alcohol content of two-hundredths of one percent or more by weight.

Section 302.500(10) defines "alcohol concentration" as "the amount of alcohol in a person's blood at the time of the act alleged as shown by chemical analysis of the person's blood, breath, saliva or urine."

■ For the Director to suspend a driver's license under section 302.505.1, RSMo 1994, therefore, the Director must establish that: (1) the driver was arrested upon probable cause that he or she was driving in violation of an alcohol related offense; and (2) the driver had been driving at a time when his or her blood alcohol concentration exceeded the legal limit. *Stewart v. Director of Revenue*, 702 S.W.2d 472, 475 (Mo. banc 1986); *Kramer*, 924 S.W.2d at 310. The Director's burden

includes establishing that the arresting officers had probable cause to arrest the driver for an alcohol-related offense. *Id.* "Probable cause exists when the facts and circumstances would warrant a person of reasonable caution to believe that an offense has been or is being committed." *Id.* Whether probable cause existed to arrest the driver is determined "in relation to the circumstances as they would have appeared to a prudent, cautious, and trained police officer." *Kramer,* 924 S.W.2d at 310 (quoting *Chinnery v. Director of Revenue,* 885 S.W.2d 50, 51 (Mo. App.1994)).

Whether probable cause existed for the arresting officers to stop the vehicle is a different issue from the probable cause the statute enunciates for determining a violation of the drunk driving laws. Section 302.505.1 addresses the basis for the arrest for violating the drunk driving laws, and not the stop. As the Missouri Supreme Court stated in *Riche v. Director of Revenue,* 987 S.W.2d 331, 335 (Mo. banc 1999), "neither section 302.505.1 nor the constitutional provisions [prohibiting unlawful searches and seizures, U.S. Const. Amends. IV and XIV, Mo. Const. art. I, sec. 15] require that the arresting officer's initial stop be based upon probable cause." The Missouri Supreme Court concluded in *Riche* that the exclusionary rule is not applicable in driver's license revocation cases. *Id.* The Court stated, "[n]either the fourth amendment nor the Missouri Constitution requires that the exclusionary rule be applied to proceedings under section 302.505." *Id.* at 8. The result is that the probable cause standard is applied to circumstances occurring after the stop, and not before, when determining the validity of the arrest in driver's license revocation cases under section 302.505.1.

The judgment of the trial court is reversed, the trial court having erroneously applied the law to the stop of Mr. Whitworth the early morning of January 14, 1998. The decision of the administrative hearing officer affirming the Director's suspension of James Whitworth's driving privileges to operate a motor vehicle as authorized by section 302.505 is affirmed.

All concur.