Jennifer GREEN, Petitioner–
Respondent,

v.

DIRECTOR OF REVENUE,
Respondent–Appellant.

No. 25998.

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 9, 2004.

Jeremiah W. (Jay) Nixon, Atty. Gen., Ryan Bertels, Assistant Attorney General, Jefferson City, for appellant.

No brief filed by Respondent.

JAMES K. PREWITT, Judge.

Director of Revenue ("Director") appeals the Stoddard County Circuit Court's reinstatement of Respondent Jennifer Green's ("Respondent") driving privileges following the Director's suspension of the same pursuant to Section 302.505, RSMo Supp.2002, for driving while intoxicated. In its judgment and order setting aside the suspension, following a trial *de novo* held on November 7, 2003, the trial court found that Director "failed to meet the required burden of proof and [did not] adduce sufficient evidence to support the suspension of [Respondent's] driving privileges[.]" No further findings or conclusions were included in the trial court's judgment and order.

Respondent did not file a brief responding to the Director's appeal. Although there is no requirement that Respondent file a brief, her failure to do so leaves us without the benefit of her argument, if any, to support the trial court's decision.

Director presents one point relied on, contending that reinstatement of Respondent's driving privileges was in error "because this decision was not supported by substantial evidence and was against the weight of the evidence, in that the uncontroverted evidence showed that (1) the police had probable cause to arrest [Respondent] for driving while intoxicated; and (2)

[Respondent] was driving with a blood alcohol content that exceeded the legal limit." We set forth the evidence presented at trial below.

At approximately 1:36 a.m. on the morning of November 22, 2002, Officer Cory Mills, with the Dexter Police Department, received information from the police dispatcher indicating that an employee at Huck's gas station reported that two intoxicated females had left the station after being refused the sale of alcohol and were driving westbound in a silver Honda. Dispatch provided a Missouri license plate number which the gas station's employee had reported. At the time Officer Mills received the dispatch, he was two blocks away from Huck's gas station.

Shortly thereafter, Officer Mills sighted a silver Honda bearing a license plate number matching that reported by Huck's employee and parked at a closed gas station approximately one block away from Huck's, with its engine running and headlights on. Officer Mills pulled into the station behind the silver Honda to investigate and found Respondent sitting behind the wheel along with a female passenger. When Officer Mills inquired why they were parked at a closed station, Respondent told him she was waiting for her boyfriend to pick her up. Mills reported that he detected a "strong odor" of alcohol when Respondent answered.

Officer Mills testified that he also observed Respondent's bloodshot eyes, and he asked her to step out of her vehicle and sit in his patrol car so that he could question her further. Respondent complied with the officer's request, and when asked if she had been drinking, she stated she had. The "Offense/Incident Report" filed by Officer Mills noted that Respondent's "speech was slurred and her eyes were watery and bloodshot." Officer Mills then requested Respondent submit to a porta-

ble breathalyzer test, to which she agreed. Mills reported that upon a positive result from the portable breathalyzer test, he asked Respondent to perform field sobriety tests, and she complied.

Officer Mills instructed Respondent on and demonstrated for her the performance of three field sobriety tests: the gaze nystagmus test; the walk-and-turn test; and the one-leg stand test. Mills testified and indicated on his report that Respondent performed poorly on all three. Respondent was placed under arrest for driving while intoxicated and transported to the Dexter police station. She was subsequently taken to the Bernie police station because the breathalyzer at Dexter was not functioning properly. Another breathalyzer test was administered at the Bernie police station. The results indicated a blood alcohol content of .207%.

Officer Mills was the only witness called at trial. The trial court admitted into evidence Respondent's driving record, the offense citation, the alcohol influence report, the BAC DataMaster Evidence Ticket and certificate of analysis, and the offense/incident and arrest reports. Counsel for Respondent stipulated to the proper administration of the breathalyzer test and stated he had no objection to the admission of Respondent's driving records and relevant business records provided by Director.

■■■ Upon review of a trial court's reinstatement of driving privileges following suspension of the same pursuant to § 302.505, RSMo Supp.2002, this court will affirm the judgment of the trial court unless there is no substantial evidence to support it, the judgment is against the weight of the evidence, or it erroneously declares or applies the law. *Reckner v. Fischer*, 121 S.W.3d 296, 300 (Mo.App. 2003). Under this standard, however, we cannot affirm a judgment of the trial court

by merely disregarding all uncontradicted evidence supporting Director's contention that Director established a *prima facie* case by a preponderance of the evidence. *Matthews v. Dir. of Revenue, State*, 938 S.W.2d 279, 282 (Mo.App.1997).

■■ Section 302.535.1 provides that a suspended driver may seek a trial *de novo* wherein "the burden of proof shall be on the state to adduce the evidence." Under this burden, the Director must establish a *prima facie* case by a preponderance of the evidence, showing that there was probable cause to arrest the driver for driving while intoxicated and that the driver's blood alcohol content exceeded the legal limit. *Reckner*, 121 S.W.3d at 300. Although the burden of production shifts to the driver to rebut the Director's case once Director establishes a *prima facie* case, "the burden of persuasion always remains on the Director." *Id.* at 301.

We are unable to determine from the record the basis for the trial court's finding that Director "failed to meet the required burden of proof and [did not] adduce sufficient evidence to support the suspension[.]" Respondent's acquiescence to the admission of Director's business records, the police reports and the foundational requirements for admission of breathalyzer test results establish the validity of the blood alcohol test results in proving that Respondent's blood alcohol content exceeded the legal limit—the second prong essential in establishing the Director's *prima facie* case.

Therefore, we presume that probable cause was the genuine issue of fact raised. The only objection raised by Respondent was to the arresting officer's testimony regarding the provision of information from the employee at Huck's gas station to the police dispatcher that was subsequently relayed by the dispatcher to Officer

Mills, referencing two intoxicated females driving in a silver Honda. Respondent requested that the trial court strike such testimony, "based upon the fact that it was ... hearsay within hearsay based on the officer's testimony." The trial court took this objection with the case.

Counsel for Respondent also cross-examined Officer Mills regarding the fact that the report he received from dispatch did not identify which one of the two intoxicated women was driving the vehicle. Officer Mills responded that he was not provided that information and did not know who was driving when the pair left Huck's gas station.

Regarding the first element which Director must establish, whether there was probable cause to arrest Respondent, the record convinces us that Officer Mills had probable cause to believe Respondent had been driving while intoxicated, despite the fact that Officer Mills never saw Respondent actually driving her vehicle.

It is not necessary for an officer to actually observe a person driving to have probable cause to arrest the person for driving while intoxicated. *McCabe v. Dir. of Revenue, State,* 7 S.W.3d 12, 14 (Mo.App.1999). An officer has a right to rely upon information communicated via police dispatch, *see State v. Singer,* 719 S.W.2d 818, 821 (Mo.App.1986), and information reported by citizen witnesses, *Tolliver v. Dir. of Revenue,* 117 S.W.3d 191, 197 (Mo.App.2003).

Furthermore, that the officer did not witness the vehicle being driven at all does not necessarily negate the presumption that Respondent was operating the vehicle in an intoxicated condition. The Missouri Supreme Court found in *Cox v. Dir. of Revenue,* 98 S.W.3d 548, 551 (Mo.banc 2003), that the officer who observed driver sitting behind the steering wheel, with the key in the ignition and the engine running,

had probable cause to believe that the driver was operating the vehicle.

As noted above, Respondent objected to the testimony regarding the dispatched report, asserting that the dispatched report was hearsay. However, that contention does not aid Respondent in her challenge to the admission of the testimony. Whether such information was hearsay is not relevant here. "[H]earsay evidence is sufficient to establish probable cause because it is not offered for its truth, but to explain the basis for [a] belief that probable cause to arrest existed." *McCabe,* 7 S.W.3d at 14, quoting *State v. Holt,* 695 S.W.2d 474, 478 (Mo.App.1985).

For the purposes of § 302.505, probable cause exists "when the surrounding facts and circumstances demonstrate to the senses of a reasonably prudent person that a particular offense has been or is being committed." *Brown v. Dir. of Revenue,* 85 S.W.3d 1, 4 (Mo.banc 2002), quoting *Smyth v. Dir. of Revenue, State,* 57 S.W.3d 927, 930 (Mo.App.2001). The trial court must assess the facts " 'by viewing the situation as it would have appeared to a prudent, cautious, and trained police officer.' " *Brown,* 85 S.W.3d at 4, quoting *Cox,* 37 S.W.3d at 307.

Officer Mills had been informed through the police dispatcher that the driver of a silver Honda in the vicinity of Huck's gas station was intoxicated. Two minutes later, the officer sighted Respondent sitting behind the steering wheel in a silver Honda with a license plate number identical to that reported to law enforcement, parked one block away from Huck's with its engine running and headlights on. Based upon these facts and circumstances, and viewing the situation as it would have appeared to a prudent, cautious, and trained police officer, we find that Director met its burden of proving a *prima facie* case.

Accordingly, the judgment is reversed and remanded for the trial court to enter a judgment reinstating Director's revocation of Respondent's driving privileges for a period of time to be determined by Director in accordance with Section 302.525.

GARRISON, P.J., and RAHMEYER, J., concur.