**Larry MAYS, Plaintiff–Respondent,**

v.

**Jeff HODGES, Defendant–Appellant.**

**No. SD 28600.**

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 12, 2008.

Timothy P. Philipp, Bridgeton, MO, for Defendant–Appellant.

No brief filed by Plaintiff–Respondent.

GARY W. LYNCH, Chief Judge.

Jeff Hodges ("Defendant") appeals the trial court's judgment against him and in favor of Larry Mays ("Plaintiff") in the amount of $2,673.32 for past-due rent. Defendant challenges the judgment in three points: (1) he was not the tenant under the rental agreement; (2) any ambiguity as to the tenant's identity should be construed against Plaintiff as the drafter; and (3) there was substantial and credible evidence that the past-due rent had been paid. Finding no merit in any of Defendant's points, we affirm.

### Factual and Procedural Background

Plaintiff filed a petition in the small claims division of the Circuit Court of Taney County, alleging a claim against Defendant in the amount of $2,604.32, "[f]or rent on condominium … from February 1, 2005 to April 15, 2005." After a trial, judgment was entered for Plaintiff in the amount of $2,604.32, plus costs, for a total of $2,637.32. Defendant timely applied for a trial de novo as allowed by section 482.365.[1] Both parties appeared pro se in another division of the circuit court for the trial de novo, and the following evidence was adduced.

Plaintiff testified that he purchased a condominium from Defendant, but that after he bought his condominium, Defendant wanted to use the condominium as a model or sales office. Defendant also planned to reside there for two and a half months. Defendant agreed to rent the condominium from Plaintiff for that time period, and the parties memorialized this transaction by executing the contract set forth below:

BRANSON PROPERTY RENTAL
454 TABLE ROCK CIRCLE
UNIT 1, BUILDING A
SUNSET CONDOMINIUMS

---

1. All references to statutes are to RSMo 2000.

MAY 22, 2005

| TENANT | TRI-LAKES DEVELOPERS, INC. |
| | 211 PARKSIDE DR |
| | HOLLISTER MO 65672 |
| | ATTN: JEFF HODGES |

| FEBRUARY 1-FEBRUARY 28, 2005 | $1001.81 + 55.00 = $1,051.81 [sic] |
| MARCH 1-MARCH 31, 2005 | $1001.81 + 55.00 = $1,051.81 [sic] |
| APRIL 1-APRIL 15, 2005 | $ 33.38 × 15 = $ 500.70 |

TOTAL DUE                                                $2,604.32 [sic]

BY SIGNING THIS DOCUMENT BOTH PARTIES AGREE THAT THE TOTAL DUE CAN BE MADE IF [sic] FULL OR MONTHLY PAYMENTS TO COVER THE CONDO ASSOCIATION FEES

| LARRY MAYS | OWNER | DATE | JEFF HODGES |
| /s/Larry Mays | | 5-25-05 | /s/Jeff Hodges |

The trial court entered judgment in favor of Plaintiff and against Defendant for $2,637.32. Defendant now appeals, raising three points of error.[2] Additional facts will be disclosed hereinafter as necessary to address Defendant's specific points.

### Standard of Review

As this case was tried without a jury, review is governed by Rule 84.13(d).[3] *Unisource Worldwide, Inc. v. Barth,* 109 S.W.3d 252, 254 (Mo.App.2003). We will affirm the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* Where no findings of fact or conclusions of law are requested and entered, this court presumes that the trial court made findings consistent with the judgment issued, and we will "affirm the trial court's decision under any reasonable theory presented and supported by the evidence." *Id.*

### Discussion

In his first point, Defendant makes the following claim:

The trial court erred in granting judgment to [Plaintiff] for rents due under a lease contract because [Defendant] was not a party to the contract and was the disclosed agent for a Missouri corporation, Tri Lakes Developers, Inc., because Tri Lakes Developers, Inc. was the disclosed principal named as tenant in the contract by [Plaintiff]. Tri Lakes Developers, Inc. is the proper party in any litigation resulting from the contractual relationship with [Plaintiff].

Defendant contends that the contract "clearly discloses that Tri Lakes Developers, Inc., . . . was the tenant and responsible party to the lease[,]" in that "an agent is not personally bound and does not incur personal liability on contracts the agent enters into on behalf of a disclosed principal." Defendant further argues that nam-

---

**2.** Plaintiff–Respondent has not filed a brief While there is no requirement that a respondent file a brief, his failure to do so leaves us without the benefit of his argument, if any, to support the trial court's decision. *Green v.*

*Dir. of Revenue,* 148 S.W.3d 892, 893 (Mo. App.2004).

**3.** All references to rules are to Missouri Court Rules (2008).

ing Tri Lakes Developers, Inc., as tenant and including "the corporate designation for the tenant" is evidence that the corporation was the party with whom Plaintiff contracted.

While we recognize that "execution of contracts in a corporate name that contains an indicia of corporate status, such as 'Inc.' or 'Corp.' or the like, can be a sufficient disclosure" of a corporate principal, *Corporate Interiors, Inc. v. Randazzo,* 921 S.W.2d 124, 127 (Mo.App.1996), in this case, the agreement was executed by Jeff Hodges without any such indicia. The use of the "Tri–Lakes Developers, Inc." name in the address listing for the tenant is ambiguous at best. The listed description of the tenant could reasonably be construed as Tri–Lakes Developers, Inc., as Defendant argues, but it could also reasonably be construed as part of the mailing address for the actual tenant—Jeff Hodges—the person who executed the agreement. The resolution of this ambiguity will be addressed further under Defendant's second point.

Nevertheless, even if it was clear that Tri–Lakes Developers, Inc., was the tenant, as Defendant argues here, the issue is whether Defendant's agency for that tenant was disclosed. "The general rule with respect to agent liability provides that one who, as an agent for another, enters into a contract with a third party without disclosing his agent status, or discloses his agent status without disclosing the identity of his principal, can be held liable on the contract at the third party's election." *Unisource Worldwide, Inc.,* 109 S.W.3d at 254. "[T]he principal is liable, and not the agent, where the principal is disclosed and the capacity in which the agent signs the contract is evident, such as placing 'president' or 'secretary' after his signature." *Gen. Elec. Capital Corp. v. Rauch,* 970 S.W.2d 348, 356 (Mo.App.1998).

Defendant did not disclose his agency. Where, as here, "the individual signs the agreement without indicating that this signature is only given as an agent, the question of his personal liability is one for the trier of fact." *Moore v. Seabaugh,* 684 S.W.2d 492, 495 (Mo.App. 1984). "[U]pon proof that an agent signed his signature without limitations, to an instrument and with no limitations stated in the body of the instrument, the other party to the agreement has made a prima facie case for the agent's personal liability, and the agent bears the burden of proving both disclosure of the principal and the intention of the parties not to impose personal liability on the agent." *Id.* The adverse judgment indicates that Defendant failed to carry his burden on these issues in the trial court. Point one is denied.

For his second point Defendant asserts as follows:

The trial court erred in granting judgment to [Plaintiff] for rents due under a lease contract because [Plaintiff] drafted the lease contract between [Plaintiff] and Tri Lakes Developers, Inc., a Missouri corporation, and any ambiguity between the named tenant, Tri Lakes Developers, Inc., and the signature of agent, [Defendant], should be construed against the drafter and author of the contract, [Plaintiff], making the proper parties to any litigation arising from the contractual relationship, [Plaintiff] and Tri Lakes Developers, Inc.

"An ambiguity as to whether an individual is personally liable is created where the form of the signature is inconsistent with the assumption of personal liability under the terms of the agreement." *Headrick Outdoor, Inc. v. Middendorf,* 907 S.W.2d 297, 299 (Mo.App. 1995). Here, we agree that an ambiguity exists between the form of Defendant's

signature and the designation of the tenant. However, Defendant urges this Court to construe the lease contract against Plaintiff simply because Plaintiff drafted the instrument.

The interpretation of a contract is a question of law which this court reviews *de novo*. *Finova Cap. Corp. v. Ream*, 230 S.W.3d 35, 42 (Mo.App.2007). In interpreting a contract, we look first to the language in the contract to ascertain the intent of the parties. *Id.* Only when a contract is ambiguous do we look to extrinsic evidence to aid in our interpretation. *Id.* "Contract ambiguity is measured by a 'reasonable person' standard, that is, ambiguity exists if reasonable people may fairly and honestly differ in the reading of the terms because the terms are susceptible of more than one meaning." *Yerington v. La-Z-Boy, Inc.*, 124 S.W.3d 517, 520 (Mo.App.2004). "A contract is not ambiguous merely because the parties disagree as to its construction." *Id.*

■ "Ambiguities should only be construed against the drafter when other means of construction fail and the intent of the parties cannot be ascertained from other sources." *Eveland v. Eveland*, 156 S.W.3d 366, 369 (Mo.App.2004). Thus, the argument advanced by Defendant is valid only where there is no evidence demonstrating the parties' intent "and is employed only as a last resort when other available data bearing on the agreement shed no light on the actual intent or meaning." *Rathbun v. CATO Corp.*, 93 S.W.3d 771, 781 (Mo.App.2002).

Here, the parties' intent can be determined from other sources such as, most notably, Plaintiff's testimony that he rented the condominium to the Defendant coupled with Defendant's use of the condominium as his personal residence during the rental period. This evidence demonstrating the parties' intent supports the trial court's conclusion that Defendant was the tenant in the rental agreement. Thus, we need not resort to the contractual interpretation construct of construing the ambiguity against the drafter. Point two is denied.

■ Defendant's third point asserts:

The trial court erred in granting judgment to [Plaintiff] for rents due under a lease contract because the evidence establishes that the intent of the parties to the lease agreement was for the rent to relieve the obligation of [Plaintiff] to make payment of the condominium association fees and substantial and credible evidence establishes that the board of the condominium association waived the association's fees for the term of the agreement in consideration for the use of the condominium and as an offset for expenses paid by the tenant on behalf of the condominium association.

■ Upon review, the evidence and reasonable inferences therefrom are viewed in the light most favorable to the judgment, and all contrary evidence and inferences are disregarded. *Arndt v. Beardsley*, 102 S.W.3d 572, 574 (Mo.App. 2003). As best we can discern from the transcript, Defendant claims to have participated in this transaction in three different capacities: (1) an individual occupying and living in Plaintiff's condominium; (2) president of the corporate developer of the condominium project attempting to sell condominium units; and (3) a director of the corporate condominium owners' association prior to the time it was turned over to the purchasing unit owners. On appeal, Defendant argues, "The intent of the parties is clear that [Plaintiff] was to be relieved from the obligation of payment of Condominium Association fees in exchange for the use of [Plaintiff's] condominium." Even assuming that this was true, howev-

er, the evidence viewed in the light most favorable to the judgment indicates that this intent was never realized. Instead, Plaintiff ultimately was required to pay and actually paid his condominium fees to the owner's association for all time periods after February 1, 2005.[4] Because of such, the trial court could have reasonably drawn an inference that either the association did not waive any of Plaintiff's condominium fees or Defendant did not pay any of Plaintiff's condominium fees to the association during that period. Either inference is substantial evidence supporting the trial court's determination that Plaintiff was never paid the rent which he was entitled to receive under the rental agreement either by waiver of fees by the association or direct payment of fees by Defendant to the association and that Defendant, pursuant to the terms of the agreement, owed Plaintiff payment in full for the rent as provided in the rental agreement. Point III is denied.

### Decision

The trial court's judgment is affirmed.

PARRISH and RAHMEYER, JJ., concur.

---

4.  As stated by the trial court at the conclusion of the trial, any dispute between Defendant, either individually or by his development company, and the condominium owners' association as to the waiver of Plaintiff's association fees or the direct payment by Defendant to the association of Plaintiff's association fees is strictly between Defendant and the association and does not implicate Plaintiff or the contractual relationship between Plaintiff and Defendant.