Evalyn PANHORST, Respondent,

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

No. 77151.

Supreme Court of Missouri, En Banc.

Feb. 21, 1995.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Joseph E. Cordell, St. Louis, for respondent.

THOMAS, Judge.

I.

On May 10, 1993, the Director of Revenue (Director) sent a letter to Evalyn Panhorst stating she was required to take a driving skills test pursuant to section 302.291, RSMo Supp.1989. The letter threatened that she must take the skills test by June 9 or her driving privileges would be revoked. Not only did Panhorst refuse to take the test by June 9, but she again refused to take the test when the deadline was extended until July 25. Instead, on July 9, 1993, Panhorst filed a petition for review naming "Department of Revenue, State of Missouri," in the caption and ordering that the "Director of Revenue" be served. The body of the petition made clear that Panhorst sought review of the revocation of her driver's license.

The Director filed an answer to Panhorst's petition and, on September 15, 1993, the trial court entered an order granting Panhorst's petition and ordering the Director to reinstate her driver's license. There was no

record made of this proceeding. On appeal, the Director argued that the trial court lacked subject matter jurisdiction because Panhorst had failed to properly name the Director in the caption of the petition. The Director also argued on appeal that the revocation was proper because the Director had good cause to require Panhorst to submit to a driving skills test. The court of appeals held that the Director had become a party by unchallenged intervention when she answered Panhorst's petition. The court of appeals remanded, however, because, by virtue of the trial court's failure to preserve a record of the hearing, the court could not review the Director's second argument. The court of appeals transferred the case to this Court. *Rule 83.02.* Reversed and remanded.

## II.

■ We believe this case comes within the rule articulated in *Jackson v. Director of Revenue,* 893 S.W.2d 831 (Mo. banc 1995), also handed down today. Panhorst named the Department of Revenue in the caption of her timely petition, and the petition made clear that she sought review of the revocation of her driver's license. The trial court, therefore, did not lack subject matter jurisdiction.

■ Although the trial court had subject matter jurisdiction, we must reverse and remand to the trial court because the trial court failed to preserve a record of the proceeding as required by section 512.180, RSMo 1994. *Sellenriek v. Director of Revenue,* 826 S.W.2d 338, 342 (Mo. banc 1992). Reversed and remanded.

All concur.