**William Edward KLOBE, Respondent,**

**v.**

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

**No. 71560.**

Missouri Court of Appeals,
Eastern District,
Division One.

July 22, 1997.

Ronald D. Pridgin, Special Assistant Attorney General, Jefferson City, for appellant.

Charles Rizzo, Private Attorney, Rizzo & Associates, St. Louis, for respondent.

GARY M. GAERTNER, Judge.

Appellant, the Director of Revenue for the State of Missouri ("Director"), appeals from the judgment of the Circuit Court of St. Charles County setting aside the suspension of driving privileges of respondent, William Edward Klobe ("driver"). We reverse and remand.

On October 10, 1995, at about 1:00 a.m., Missouri State Highway Patrolman Harold E. Smith, Jr. ("Trooper Smith"), noticed a white and blue pickup truck weaving on Interstate 70. He pulled the truck over. When Trooper Smith spoke with driver, he immediately detected a strong odor of intoxicants and noted driver's speech was slurred and his eyes were watery and staring. Trooper Smith asked driver to exit his truck; when he did, driver swayed badly.

Trooper Smith conducted three field sobriety tests on driver, including the gaze nystagmus test, the one-leg stand test, and the walk-and-turn test. Based upon driver's performance of the field sobriety tests, Trooper Smith arrested driver for driving while intox-

icated and transported him to the St. Charles County Sheriff's Department.

Trooper Smith gave driver his *Miranda* and Implied Consent warnings. Driver agreed to take a breath test. Trooper Smith administered the breath test using a BAC Data Master. The results of the test revealed driver's blood alcohol content to be .17 percent.

Director revoked driver's license, effective October 25, 1995. Driver requested an administrative hearing, which was conducted November 21, 1995. Following the hearing, Director sustained the revocation. Driver filed a petition for trial *de novo* in the Circuit Court of St. Charles County. The case was heard, and at the trial's conclusion, the court set aside the revocation of driver's driving privileges. The case was not preserved by sound recording or a court reporter. Director filed a notice of appeal and requested a copy of the trial transcript pursuant to Rule 81.12(c). The court clerk informed Director no record of the case had been made.

Pursuant to RSMo section 302.535,[1] circuit courts have *de novo* review of administrative decisions made under RSMo sections 302.500–302.540. We review the circuit court's decision, not the administrative decisions below, and affirm unless there is no evidence to support it, it is contrary to the weight of the evidence, or it erroneously declares or applies the law. *Kinder v. Director of Revenue*, 895 S.W.2d 627, 628 (Mo. App. E.D.1995).

Director's sole point on appeal is that the circuit court erred in failing to record the trial *de novo*. We agree with Director.

The trial court failed to preserve a record of the proceeding. Without the record on appeal, it is unclear what evidence was presented at the trial *de novo*. Accordingly, the judgment of the circuit court is reversed, and the cause is remanded for a new trial of which a record shall be made. *See Panhorst v. Director of Revenue*, 894 S.W.2d 168, 169 (Mo.banc 1995) and *Kellison v. Director of Revenue*, 908 S.W.2d 192, 193 (Mo.App. E.D. 1995).

Reversed and remanded.

DOWD, P.J., and REINHARD, J., concur.

---

1. All statutory references are to RSMo 1994.