**James Carter ZWYERS, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

**No. 71561.**

Missouri Court of Appeals,
Eastern District,
Division One.

July 22, 1997.

---

1. All statutory references are to RSMo 1994.

Before DOWD, P.J., REINHARD and GARY M. GAERTNER, JJ.

## PER CURIAM.

Appellant, the Director of Revenue for the State of Missouri ("Director"), appeals from the judgment of the Circuit Court of St. Charles County setting aside the revocation of respondent's, James Zwyers' ("driver"), driving privileges. We reverse and remand.

Driver's driving privileges were revoked pursuant to RSMo sections 302.500–302.540 (1994). After the suspension was upheld in an administrative proceeding, driver filed a petition in the circuit court for a trial *de novo.* It appears the trial took place on July 30, 1996, when the trial court entered its order setting aside the revocation of driver's license. Director thereafter filed his notice of appeal, and requested a copy of the trial transcript in accordance with Rule 81.12(c). The official court reporter informed Director no record of the trial had been made.

■ On appeal, Director contends the trial court erred in failing to preserve the record, thus mandating this Court reverse and remand the matter for a new trial *de novo.* We agree.

■ Parties aggrieved by decision of the Department of Revenue may petition for a trial *de novo* in circuit court. RSMo section 302.535. We review the judgment of the circuit court, rather than the administrative order, and will affirm unless the judgment is not supported by substantial evidence or is against the weight of the evidence, or erroneously declares or applies the law. *Kimber v. Director of Revenue,* 817 S.W.2d 627, 629–30 (Mo.App. W.D.1991).

Here, the proceeding before the trial court was not preserved by sound recording or court reporter. The minutes do not reflect whether witnesses were called or what evidence was presented or admitted. Without the record on appeal, it is unclear on what grounds the trial court based its decision. Accordingly, we reverse the judgment and remand the case for a new trial *de novo* of which a record shall be made. *Panhorst v. Director of Revenue,* 894 S.W.2d 168, 169 (Mo.banc 1995); *Kellison v. Director of Revenue,* 908 S.W.2d 192, 193 (Mo.App. E.D. 1995).