Gary P. WELLNER, Appellant,

v.

DIRECTOR OF REVENUE, STATE OF MISSOURI, Respondent.

No. WD 52981.

Missouri Court of Appeals, Western District.

Aug. 12, 1997.

Michael C. McIntosh, Independence, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for respondent.

Before BERREY, P.J., and SMART and EDWIN H. SMITH, JJ.

BERREY, Presiding Judge.

Appellant appeals the suspension of his driver's license by the Director of Revenue.

Appellant was stopped at a sobriety check point, arrested and given a breath test on the breathalyzer 5000. He tested .11%.

Wellner raises two points on appeal: 1) that the trial court erroneously admitted inadmissible hearsay evidence without which there was insufficient evidence to establish probable cause to arrest him for DWI, and 2) that the trial court misapplied the law as there was no proper evidentiary foundation to administer the breath test.

The arrest of Wellner was at a sobriety check point. The check point had been properly established and met the requirements for a check point as found in *State v. Welch*, 755 S.W.2d 624 (Mo.App.1988) and *State v. Canton*, 775 S.W.2d 352 (Mo.App.1989).

Officer White testified he was working a "check point on Independence Avenue." At this time he came in contact with Mr. Wellner and prepared field notes consistent with his observations of Mr. Wellner. This dispute of the arrest arises because Officer White, who initially interviewed Wellner at the check point, turned both his "field notes" and Wellner over to Officer Porch to process and administer the breathalyzer. Although Officer White testified that he was not the

arresting officer, Officer Porch's alcohol report indicates White was the arresting officer. Officer Porch relied on Officer White's field notes to prepare the report. Officer Porch testified that Officer White gave him information regarding Mr. Wellner and he accurately reflected this in his report. After preparing the report, Officer Porch destroyed the field notes. Counsel for Wellner objected to the entire line of questions as to what White told Porch as being hearsay. The objection was overruled.

Officer White stated he had no independent recollection of stopping Mr. Wellner. He could not recall if he gave his field notes to Officer Porch. He did not prepare Form 2389, the alcohol influence report. To a continuing line of questions relating to his recollection of the event in question, he stated he had no recall and that he was unable to recall "anything about the field sobriety tests [he] conducted on that date."

■ We must affirm the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or misapplies the law. *Chinnery v. Director of Revenue*, 885 S.W.2d 50, 51 (Mo.App.1994). In a license revocation proceeding, the Director has the burden to show by a preponderance of the evidence that 1) the police had probable cause to arrest the licensee for DWI, and 2) the licensee's blood alcohol concentration exceeded the legal limit. *Id.;* § 302.505, RSMo 1994.

Wellner's first point relied on, when read in conjunction with his argument in his brief and oral argument, alleges that there was insufficient admissible evidence to establish probable cause for a DWI arrest. More specifically, we construe Point I as alleging the trial court erred in denying Wellner's hearsay objection and its subsequent finding that the Director of Revenue had made a case of probable cause.

■ Although Officer White testified that his field notes were accurate, he had no independent recollection of stopping Wellner's vehicle or of Wellner's physical condition. Officer Porch testified on cross-examination that he made no observation of "unusual operation" of Wellner's vehicle on the night in question. He did not observe how Wellner stopped his car. He did not observe any physical characteristics that would cause him to believe Wellner was intoxicated. Porch did not conduct any sobriety tests on Wellner. Porch stated that White told him he "detected an odor similar to intoxicating liquor about Mr. Wellner." Porch acknowledged he did not personally observe any of the conditions which he wrote on the report. The entire report was based on White's field notes, which were subsequently destroyed.

■ We find that the field notes written by Officer White and the report prepared by Officer Porch in reliance on the field notes constituted double hearsay. In its brief, the state argues the report was "otherwise admissible as a business record." However, nowhere in the transcript do they refer to report 2389, the Alcohol Influence Report, as a business record or seek its admission as a "business record." The purpose of the business record act is to enlarge the common law rule of hearsay by providing for the admission of business records as an exception to the hearsay rule. If the record does not measure up to the requirements of the Business Records Act, it is hearsay and not admissible. *Kitchen v. Wilson*, 335 S.W.2d 38, 43 (Mo.1960).

Even if the report was offered as a business record, that would only serve as an exception to one level of hearsay. The field notes were also hearsay and, without an independent exception, the report should have been excluded because the report was based upon the field notes. We hold that the trial court erred in overruling Wellner's hearsay objection and admitting Porch's testimony into evidence. Without the inadmissible evidence, the Director failed to establish probable cause for Wellner's arrest.

Having reversed the Director, we do not address Wellner's Point II regarding the possibility of irregularities in administering the breath test.

The determination of the Director of Revenue to revoke or suspend the driving privileges of Mr. Wellner is vacated and the case

remanded to the trial court to reinstate Wellner's driving privileges.

All concur.