**Emmett L. BUSSELL, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

**No. WD 53704.**

Missouri Court of Appeals,
Western District.

Submitted Oct. 8, 1997.

Decided Nov. 4, 1997.

Jeremiah W. (Jay) Nixon, Atty. Gen., Charles L. Gooch, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Gabriel A. Domjan, Independence, for respondent.

Before ULRICH, C.J., P.J., and SMART and ELLIS, JJ.

SMART, Judge.

Appellant, the Director of Revenue ("Director"), appeals the judgment of the trial court setting aside the revocation of driving privileges of the respondent, Emmett L. Bussell. We reverse and remand due to the lack of a record.

On August 7, 1996, Bussell was sent a notice informing him that his privilege to drive a motor vehicle in Missouri was being revoked for ten years, pursuant to § 302.060(9), RSMo 1994, on the basis that he had been convicted more than twice of an offense relating to driving while intoxicated. Bussell filed a petition in circuit court for review. The Director filed an answer along with certified records from her department. The trial court ordered that the matter be heard on October 24, 1996. Apparently a hearing was held on the matter, because the trial court issued an order, dated October 30, 1996, in which it reinstated Bussell's driving privilege. The order makes reference to "a

hearing of review on the 24th day of October, 1996." Unfortunately, this is the only reference to a hearing because no record of the proceedings was made.

In preparing for this appeal, the Director attempted to order a copy of the record. The court reporter wrote the Director, "I have checked the records and find that there was no record made of the proceedings." The Director asks us to reverse the judgment and remand the cause to the trial court as a result of the trial court's failure to preserve a record of the proceedings pursuant to § 512.180.2. The Director also claims that the trial court erred in reinstating Bussell's license because the available record reflects that Bussell had been convicted more than twice of violating a state law or municipal ordinance relating to driving while intoxicated.

We do not reach the merits of this appeal. The record presented is not adequate for review. Without an adequate record, it is impossible for this court to review the alleged error of the trial court. Accordingly, we reverse the judgment of the trial court and remand for trial *de novo* of which a record shall be made. *See Sellenriek v. Director of Revenue,* 826 S.W.2d 338, 342 (Mo. banc 1992); *Zwyers v. Director of Revenue,* 948 S.W.2d 473, 474 (Mo.App.1997).

The judgment is reversed and remanded.

ULRICH, C.J., P.J., and ELLIS, J., concur.