Raymond A. RIVARD, Jr.,
Plaintiff–Respondent,

v.

DIRECTOR OF REVENUE,
Defendant–Appellant.

No. 21842.

Missouri Court of Appeals,
Southern District,
Division One.

June 3, 1998.

Jeremiah W. Nixon, Atty. Gen., Jacqueline K. Hamra, Asst. Atty. Gen., Jefferson City, for Defendant–Appellant.

Tyce S. Smith, Sr., Smith, Dunbar & Turley, Waynesville, for Plaintiff–Respondent.

PREWITT, Judge.

Plaintiff filed a two-count petition for review. Count I requested the court to "set aside or nullify the Notice Of Loss Of Driving Privileges" which he received from Defendant. Count II sought to nullify or set aside a different Notice of Loss of Driving Privileges he received from Defendant. The docket sheets indicate that the trial court held a "disposition hearing," and that the matter was "tried by court" on July 7, 1997. On that day, the court granted Plaintiff the relief requested on both counts. Defendant appeals.

The legal file reflects that there was no record made at the hearing on July 7, 1997. We conclude that because of this; the matter cannot be fully reviewed and that it must be remanded for a hearing on the record.

Defendant presents two points relied on. The first point appears to raise a question of law. However, the second point, at least in part, raises a question of fact, the determination of which would appear to require a record of the proceedings before the trial court at the "disposition hearing." In Point II, Defendant contends "the judgment was against the weight of the evidence." The pleadings also reflect a factual dispute. Plaintiff's petition alleges that he "was not legally convicted of more than two driving while intoxicated related offenses." Defendant's answer denied that allegation and alleged that Plaintiff had committed driving-while-intoxicated offenses on three occasions.

As in *Zwyers v. Director of Revenue,* 948 S.W.2d 473, 474 (Mo.App.1997), the proceedings here were not preserved by a recording or a court reporter and the record does not reflect whether witnesses were called or what evidence, if any, was presented. Plaintiff asserts that because the prosecuting attorney signed at the bottom of the judgment on a signature line following "Approved By:", Defendant is barred from appealing, as this was an agreed-to judgment. Without a further record it is impossible to determine whether this approval was only as to the form or was a stipulated and agreed-to judgment.

As no proceedings were preserved on the record, full and meaningful review cannot be made. In a matter such as this, the judgment must be reversed and the cause remanded for a new trial of which a record shall be made. *Zwyers,* 948 S.W.2d at 474. *See also Sellenriek v. Director of Revenue,* 826 S.W.2d 338, 342 (Mo. banc 1992); *Bussell v. Director of Revenue,* 954 S.W.2d 702, 703 (Mo.App.1997).

The judgment is reversed and the cause remanded for proceedings consistent with this opinion.

GARRISON, P.J., and CROW, J., concur.