**Steven DUNCAN, Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

**No. ED 76733.**

Missouri Court of Appeals,
Eastern District,
Division One.

May 2, 2000.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Jefferson City, for appellant.

Mark S. Vincent, Union, for respondent.

Before: GARY M. GAERTNER, P.J. and PAUL J. SIMON and JAMES R. DOWD, JJ.

***OPINION***

PER CURIAM.

The Director of Revenue (Director) appeals from the judgment reinstating the driving privileges of Steven Duncan (Driver). We reverse and remand.

Director suspended the driving privileges of Driver pursuant to section 302.505, RSMo Cum.Supp.1999, after he was arrested for driving while intoxicated in Franklin County. Driver sought an administrative hearing and the suspension was upheld. Driver then filed a petition for a trial *de novo* in the Franklin County Circuit Court pursuant to section 302.535, RSMo Cum.Supp.1999.

At the trial, the Director offered the testimony of the arresting officer, Deputy Sheriff Charles Subke. Subke testified that on November 23, 1998, he responded to a domestic call in Villa Ridge at the residence of Cindy Duncan, Driver's wife. She and Driver were separated and in the process of getting a divorce. She told Subke that she saw Driver leaving her house at a high rate of speed when she arrived home. She did not have an order of protection against Driver and there had been no contact between them. She was upset, however, that he had been at her house. Although no crime had been committed, Subke decided to contact Driver to get his side of the story and he went to Driver's home. Driver was not at home,

but his son told Subke that he had left in a blue Chevy Suburban. The son also told Subke that Driver had been drinking a little. When he left the residence, Subke saw Driver's blue Chevy Suburban driving east on Highway AT in Franklin County. Subke stopped Driver. Subke admitted that he had no probable cause to stop Driver and did not believe he had committed any crime.

When Subke approached the vehicle, he noticed that Driver's eyes were glassy and he smelled a moderate odor of intoxicants coming from him. Driver agreed to take field sobriety tests. Based on his performance on those tests, Subke believed Driver was intoxicated and arrested him for driving while intoxicated. He transported him to the Pacific Police Department where another officer performed a breathalyzer test.

After Subke's testimony, but before the State had concluded its case, the court interrupted the evidence to find that the Director had not shown Subke had either probable cause or reasonable suspicion to stop Driver. As a result, the court entered its judgment in favor of Driver, ordering the Director to reinstate his driving privileges. Director now appeals.

In his sole point on appeal, the Director contends the trial court erred in setting aside the suspension of Driver's driving privileges because "it was not necessary to establish that the initial stop was proper, in that the statute requires no such showing and the 'exclusionary rule' does not apply to civil proceedings." We agree.

Appellate review of this case is governed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We must affirm the decision of the trial court unless it is unsupported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.*

In *Riche v. Director of Revenue*, 987 S.W.2d 331 (Mo. banc 1999), the Missouri Supreme Court addressed this precise issue. In that case, Riche appealed from the suspension of his driving privileges, arguing that there was no probable cause or reasonable suspicion for the initial stop of him. *Id.* at 332. The Supreme Court rejected his argument, concluding the exclusionary rule is inapplicable in civil driver's license suspension and revocation proceedings. *Id.* at 335–36. The Court stated:

> As set forth above, neither section 302.505.1 nor the constitutional provisions upon which Riche relies require that the arresting officer's initial stop be based upon probable cause.
>
> ... the costs of excluding unlawfully seized evidence in a proceeding pursuant to section 302.505 outweigh the potential benefits of applying the exclusionary rule.

*Id.* at 336; *See also, Gordon v. Director of Revenue*, 896 S.W.2d 737, 740 (Mo.App. E.D.1995).

Therefore, the Director does not have the burden of showing the lawfulness of or probable cause for a stop in order to revoke or suspend driving privileges under section 302.500–302.540. As a result, the trial court erroneously declared and applied the law in holding otherwise. Point granted.

We reverse and remand the cause for additional proceedings in accordance with this opinion.