Ronald Keith TURRELL,
Respondent Pro Se,

v.

MISSOURI DEPARTMENT OF REVENUE, Appellant.

No. WD 57653.

Missouri Court of Appeals,
Western District.

Nov. 28, 2000.

Evan J. Buchheim, Jefferson City, for appellant.

Ronald K. Turrell, Raytown, for pro se.

HOLLIGER, Presiding Judge.

The Director of Revenue ("Director") appeals the judgment setting aside the Director's revocation of Ronald Keith Turrell's ("Turrell") driving privileges for operating a motor vehicle with a blood alcohol concentration of at least .10% by weight. § 302.505, RSMo. Cum.Supp.1996.[1] The Director contends that the trial court misinterpreted and misapplied the law and that its judgment in favor of Turrell was against the weight of the evidence. We reverse.

---

1. All statutory references are to RSMo.1994 unless otherwise indicated.

## STANDARD OF REVIEW

■ The trial court's decision will be affirmed unless it is unsupported by substantial evidence or misstates or misapplies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). In hearing a petition for trial, under § 302.535, of a revocation or suspension based on § 302.505, RSMo. Cum.Supp.1996, the issues before the trial court are: (1) whether the driver was arrested upon probable cause for violating an alcohol-related offense; and (2) whether the driver had been driving with a blood alcohol content of at least .10% by weight. *Kienzle v. Director of Revenue,* 944 S.W.2d 326, 327 (Mo.App. 1997). We need not defer to the trial court's findings when the evidence is not in conflict. *Justice v. Director of Revenue,* 890 S.W.2d 728, 731 (Mo.App.1995). Conversely, if any part of the witness' testimony can be viewed as inaccurate or inconsistent, "the usual rule attends and we give deference to the trial court in its resolution of all witness credibility questions." *Endsley v. Director of Revenue,* 6 S.W.3d 153, 161 (Mo.App.1999). Once the Director has presented a prima facie case, the burden shifts to the driver to rebut the Director's prima facie case. *Smith v. Director of Revenue,* 13 S.W.3d 700, 705 (Mo. App.2000).

## FACTS

On November 6, 1999, Missouri Highway Patrol Trooper Michael D. Moats stopped Turrell's vehicle for erratic driving. Trooper Moats observed a strong odor of alcohol on Turrell's breath, that his eyes were bloodshot and that his speech was slurred. The Trooper asked the driver to perform several field sobriety tests all of which he performed poorly. Turrell was arrested for driving while intoxicated and taken to a police station where he consented to a breath test. The Trooper notified the Director that the test showed a blood alcohol concentration of .163%. The Director then suspended Turrell's driving privileges.

At the trial de novo the Director offered into evidence the testimony of Trooper Moats and the Department of Revenue Records concerning Turrell's arrest. Turrell did not testify. The Trooper testified, as set forth above, to the facts of the arrest and, without objection, to the Trooper's testimony that Turrell's BAC was .163%. The Director's certified records were admitted over the objection of Turrell. The basis for that objection will be discussed infra.

### Probable Cause to Arrest the Driver

■ We are not favored by a brief from Turrell who appears pro se on the appeal. Nor were there any specific findings requested or made as to the court's reasons for setting aside the Director's action. "Probable cause for arrest exists when an officer possesses facts which would justify a person of reasonable caution to believe that an offense has been or is being committed and that the individual to be arrested has committed it." *Wilcox v. Director of Revenue,* 842 S.W.2d 240, 242 (Mo.App.1992). Here the evidence clearly presented probable cause for Trooper Moats to arrest Turrell for driving while intoxicated. No contrary evidence was presented to contradict the Director's prima facie showing on the issue of probable cause.

### Did the Director Make a Prima Facie Case of Excessive Blood Alcohol Content?

■ The trooper testified at trial that the breath test result was .163%. The Director correctly argues that proof of the foundational requirements for admission of a breath test is rendered unnecessary in the absence of an objection. *Sellenriek v. Director of Revenue,* 826 S.W.2d 338, 340–41 (Mo. banc 1992). "When evidence of one of the issues in the case is admitted into evidence without objection, the party against whom it is offered waives any objection to the evidence, and it may be properly considered even if the evidence would have been excluded upon a proper

objection." *Reinert v. Director of Revenue*, 894 S.W.2d 162, 164 (Mo. banc 1995). (Holding that the court erred in sustaining an objection to the maintenance report where no objection was made to the testimony of the breath result).

 Turrell did object to the admission of the Director's certified records containing the breath test result because the serial number written on the maintenance report (940068) differed by one digit from the serial number of the breath analyzer (940069) used for his breath test. The specific objection was:

> "... to the use of the **results** of those tests. There was no testimony with respect to the maintenance reports in those tests. With respect to the admission of the records themselves, we would not object, but we would point out that the maintenance report relates to a different Datamaster than the one used to conduct the test."

There was, however, within the record a computer printout from the maintenance test showing the same serial number as the breath analyzer used for Turrell's test. The trial court admitted the certified records over driver's objection "to the extent that a certified copy of ... Director of Revenue records are admissible in court."[2] As we have no findings from the court and no brief from Turrell, we can only surmise that the basis for the court's judgment against the Director was the basis of the objection made by driver's counsel. That objection, however, came too late to affect the *admissibility* of the breath test results. Having been previously admitted without objection those results were properly before the court and, as such, had to be considered by the court in determining whether the Director met his burden of proof. *Reinert*, 894 S.W.2d at 164. The

Director thus made a prima facie showing of each element of his case. The driver presented no evidence either directly or by cross-examination that would contradict either element. No argument was made to the trial court that the discrepancy in serial numbers[3] reflected that no maintenance check was done on No. 940069. This case is unlike *Endsley*, 6 S.W.3d at 160–61 where there was contradictory or inconsistent evidence that would allow the trial court to weigh the evidence and determine it adversely to the Director. In *Endsley* the court indicated that there were two possible scenarios created by the problem with the maintenance record. One scenario included the possibility that a necessary step was not performed; the other included that the officer performed the step but simply did not record it. In that situation it is for the trial court to resolve the conflict in the evidence. *Id.* at 161–62. Here there was no scenario that would allow the conclusion that a maintenance check was not performed on the unit used for Turrell's test. The only possible scenario was that the officer either made a one digit error in recording the serial number on the handwritten portion of the report or that the Director included in his records the maintenance report of another machine as well as those of the machine in question.[4] The trial court's judgment was against the weight of the evidence. The weight of the evidence demonstrates that the maintenance was properly performed on the machine used for Turrell's test. The cause is reversed with directions to enter judgment on behalf of the Director.

BRECKENRIDGE, and SMART, JJ., concur.

---

2. See RSMo. § 302.312.

3. The actual maintenance printout carried the same serial number as the Datamaster; the discrepancy was in the handwritten notation on the report.

4. The likelihood that a scrivener's error occurred is buttressed by the fact that the BAC Verified Maintenance Report Form 5 also contained a handwritten notation across the top, albeit not in the box on the form, that the serial number of the unit was 94069.