Charles Raymond BARLOW, Jr., Respondent,

v.

Carol FISCHER, Director of Revenue, State of Missouri, Appellant.

No. WD 61146.

Missouri Court of Appeals, Western District.

April 29, 2003.

Michael Wambolt, Assistant Attorney General, Jefferson City, MO, for appellant.

John H. Edmiston, Warrensburg, MO, for respondent.

Before SPINDEN, P.J., BRECKENRIDGE and NEWTON, JJ.

PATRICIA BRECKENRIDGE, Judge.

The Director of Revenue appeals from the decision of the trial court reversing the suspension of Charles Barlow's driver's license under section 302.505.1, RSMo Supp. 2001.[1] On appeal, the Director claims that the trial court erred in setting aside the suspension of Mr. Barlow's driver's license upon its finding that the police officer did not have a good faith basis for making the traffic stop. Because this court finds that the Director made a prima facie case under section 302.505.1 and the exclusionary rule does not apply in revocation proceedings to preclude the admission of evidence obtained after the police officer made a bad faith traffic stop, the judgment of the trial court is reversed.

## Factual and Procedural Background

The Director of Revenue suspended Mr. Barlow's driver's license after he was arrested for driving while intoxicated on October 6, 2001. Subsequently, Mr. Barlow filed a petition for trial de novo pursuant to section 302.535.1.[2] A trial was held on February 8, 2002. At trial, the Director admitted a certified copy of her records under section 302.312, RSMo 2000.[3] These records included a certified copy of Officer Tim Leighty's peace officer license, his alcohol influence report on Mr. Barlow, a narrative of the events of October 6 signed by Officer Leighty, a uniform complaint and summons signed by Mr. Barlow, Mr. Barlow's arrest and booking form, and Officer Leighty's permit to conduct the breathalyzer test.

According to Officer Leighty's written narrative, on October 6, at around 12:30 A.M., he saw a pickup truck pull out of a

---

1. All statutory references are to the Revised Statutes of Missouri 2001 Supplement, unless otherwise indicated.

2. Section 302.535.1 provides, in part, that:

 Any person aggrieved by a decision of the department may file a petition for trial de novo by the circuit court. The burden of proof shall be on the state to adduce the evidence. Such trial shall be conducted pursuant to the Missouri rules of civil procedure and not as an appeal of an administrative decision pursuant to chapter 536,

 RSMo. The petition shall be filed in the circuit court of the county where the arrest occurred. The case shall be decided by the judge sitting without a jury.

3. Section 302.312.1 states that:

 Copies of all papers, documents, and records lawfully deposited or filed in the offices of the department of revenue ... properly certified by the appropriate custodian or the director, shall be admissible as evidence in all courts of this state and in all administrative proceedings.

parking lot and drive the wrong way down Culton Street, a one-way street, in Warrensburg. After observing the truck, he drove around the block and caught up with the truck on Washington Street. Officer Leighty followed the truck as it turned right onto Market Street. The truck pulled into a parking lot and stopped, and Officer Leighty drove past the parking lot and around the block. He then turned back onto Washington Street and saw the same truck driving in front of him. He followed the truck as it turned right onto North Street and pulled into an Arby's parking lot and stopped. Officer Leighty again drove past the parking lot, and pulled into a bank parking lot across the street so he could observe the truck in the Arby's parking lot. Approximately one minute later, the truck pulled out of the Arby's parking lot, passed Officer Leighty, and drove into a Hardee's parking lot. Officer Leighty followed the truck into the Hardee's parking lot, turned on his lights, and stopped the truck.

After stopping the truck, Officer Leighty approached it and identified the driver as Mr. Barlow. He asked Mr. Barlow to get out of the truck and come with him to his patrol car. Mr. Barlow agreed. Officer Leighty noticed that Mr. Barlow's eyes were bloodshot and glassy, his speech was slurred, and he had a strong odor of alcohol on his breath. Officer Leighty asked Mr. Barlow if he had been drinking that evening, and Mr. Barlow said he had drunk a couple of beers, but did not think he was intoxicated. Officer Leighty told Mr. Barlow that he had stopped him for driving the wrong way down Culton Street. Officer Leighty's statement said that although Mr. Barlow denied driving the wrong way, he later stated that "[h]e isn't going to lie and he did go the wrong way."

After Mr. Barlow admitted that he had drunk a couple of beers that evening, Officer Leighty requested that he submit to some field sobriety tests. Mr. Barlow agreed. Officer Leighty had Mr. Barlow perform the walk-and-turn test, the one leg stand test, and the gaze nystagmus test. Officer Leighty also asked Mr. Barlow to recite the alphabet from C to Q and count backward from 89 to 65. Based on the results of these tests, Officer Leighty arrested Mr. Barlow for driving while intoxicated, and took him to the police station.

At the police station, Officer Leighty read Mr. Barlow his *Miranda*[4] rights and his implied consent form. Mr. Barlow then took a breathalyzer test, and his blood alcohol level was found to be .135%. At trial, the parties stipulated that the results of Mr. Barlow's breathalyzer test were accurate. The Director did not present any other evidence.

Mr. Barlow testified on his own behalf. Mr. Barlow attested that he drove the route Office Leighty had followed, but he denied driving the wrong way down Culton Street. Instead, he testified that he pulled out of the parking lot onto Washington Street. He also said that while he had drunk a couple of beers that evening, he did not have any problems performing the field sobriety tests. He further stated that he did not feel he had any trouble controlling his truck while driving that evening.

At the close of the hearing, the trial court reversed the Director's decision to suspend Mr. Barlow's driver's license. In its judgment, the trial court found that "while the arresting officer had probable cause to arrest [Mr. Barlow] for driving while intoxicated after performing several

---

**4.** *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

field sobriety tests, the Court specifically believes and finds from the facts in this case that the arresting officer had no probable cause to pull [Mr. Barlow] over." The court went on to state that it "specifically finds that in addition to having absolutely no probable cause to stop [Mr. Barlow], the officer had no good faith basis in pulling over [Mr. Barlow] and that such stop was for no valid or lawful reason." This appeal followed.

## Standard of Review

▪ After an adverse decision from the Department of Revenue, a driver may petition for a trial de novo in the circuit court. Section 302.535.1; *Zwyers v. Dir. of Revenue*, 948 S.W.2d 473, 474 (Mo.App. 1997). On appeal, this court reviews the circuit court's judgment and not the administrative order. *Zwyers*, 948 S.W.2d at 474. Review of the trial court's judgment after a trial de novo is governed by the standard set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). *Kimber v. Dir. of Revenue*, 817 S.W.2d 627, 629 (Mo.App.1991). The decision of the trial court must be affirmed on appeal unless there is no substantial evidence to support the decision, the decision is against the weight of the evidence, or the trial court erroneously declares or applies the law. *Id.* at 629–30. This court will accept as true "the evidence supporting the circuit court's judgment, as well as all reasonable inferences drawn from such evidence," and will disregard all contrary evidence and inferences. *Id.* at 630.

## Error in Setting Aside Suspension of Driver's License Under Section 302.505.1

In her sole point on appeal, the Director claims that the trial court erred in setting aside the suspension of Mr. Barlow's driver's license under section 302.505.1 upon its finding that the police officer did not have a good faith basis for making the traffic stop.

▪ Section 302.505.1 states that:

The department shall suspend or revoke the license of any person upon its determination that the person was arrested upon probable cause to believe such person was driving a motor vehicle while the alcohol concentration in the person's blood, breath, or urine was eight-hundredths of one percent or more by weight, based on the definition of alcohol concentration in section 302.500[.]

To prove a prima facie case under section 302.505.1, "the Director must establish that: (1) the driver was arrested upon probable cause that he or she was driving in violation of an alcohol related offense; and (2) the driver had been driving at a time when his or her blood alcohol concentration exceeded the legal limit." *Whitworth v. Dir. of Revenue*, 990 S.W.2d 115, 117 (Mo.App.1999). The Director proves that a police officer had probable cause to arrest a driver " 'when the facts and circumstances would warrant a person of reasonable caution to believe that an offense has been or is being committed.' " *Id.* at 118 (quoting *Kramer v. Dir. of Revenue*, 924 S.W.2d 308, 310 (Mo.App.1996)).

Here, the trial court found that "the arresting officer had probable cause to arrest [Mr. Barlow] for driving while intoxicated." The trial court also found that "the parties have stipulated as to the results of [Mr. Barlow's] blood alcohol test and have also stipulated to the proper maintenance of the breath machine." The blood alcohol test showed Mr. Barlow's blood alcohol level was .135%, which is over the legal limit of .10%. Thus, the Director established a prima facie case under section 302.505.1.

Nevertheless, the trial court reversed the Director's decision because it specifically found that Officer Leighty did not have probable cause or a good faith basis to initially stop Mr. Barlow. In effect, the trial court applied the exclusionary rule to find that the evidence obtained after the initial stop was inadmissible, and, therefore, the Director did not establish a prima facie case under section 302.505.1. In *Riche v. Dir. of Revenue*, 987 S.W.2d 331, 333 (Mo. banc 1999), however, the Supreme Court addressed the issue of whether the exclusionary rule applies in administrative driver's license revocation and suspension proceedings under section 302.505. Using a cost-benefit analysis, the Court determined that "[e]xtending the exclusionary rule to section 302.505 proceedings would unnecessarily complicate and burden an administrative process designed to remove drunken drivers from Missouri's roads and highways as quickly as possible." *Id.* at 334. In addition, the Court found that "[i]mposing the exclusionary rule in civil license revocation and suspension proceedings would have little force in deterring unlawful police action, because the director of revenue has no control over the actions of local police officers." *Id.* at 335. Thus, the Court held that it would not apply the exclusionary rule to proceedings under section 302.505 because

> In sum, any incremental deterrent effect that might be achieved by extending the rule to section 302.505 proceedings is uncertain at best … and is outweighed by the benefit of using reliable evidence of blood alcohol content in license revocation and suspension proceedings even when that evidence is inadmissible in criminal proceedings.

*Id.* (internal citation omitted). The Court went on to hold that not only do the prohibitions against unlawful search and seizure in the U.S. and Missouri Constitutions not require "that the exclusionary rule be applied in proceedings under section 302.505," but they also do not "obligate this Court to impose the 'probable or reasonable cause to stop' requirement" in section 302.505.1 proceedings. *Id.* at 336.

In its judgment, the trial court attempted to distinguish this case from *Riche*. The trial court found that Officer Leighty "had no good faith basis in pulling over [Mr. Barlow] and that such stop was for no valid or lawful reason." The court stated that this "lack of good faith" on the part of Officer Leighty "distinguishes this case from *Riche*." The Court in *Riche*, however, held that a "'reasonable cause to stop'" is not required in section 302.505.1 proceedings. *Id.* Further, this court has held, based on *Riche*, that "the probable cause standard is applied to circumstances occurring *after* the stop, and not before, when determining the validity of the arrest in driver's license revocation cases under section 302.505.1," so the Director met her prima facie case under section 302.505.1 even when the police officers may not have had legal authority to initially stop the driver. *Whitworth*, 990 S.W.2d at 118 (emphasis added). *See also Duncan v. Dir. of Revenue*, 16 S.W.3d 745, 746 (Mo. App.2000) (holding that, under *Riche*, "the Director does not have the burden of showing the lawfulness of or probable cause for a stop in order to revoke or suspend driving privileges under section 302.500—302.540"). Thus, the trial court erroneously applied the law in reversing the Director's suspension because the initial stop of Mr. Barlow was unlawful or not done in good faith.

In his respondent's brief, Mr. Barlow raises two alternative reasons for upholding the decision of the trial court. First, Mr. Barlow argues that if this court reverses the trial court's decision, he will be denied his due process rights under the

Missouri Constitution. Mr. Barlow, however, does not specify how a reversal of the trial court's decision will deny him his due process rights. Instead, Mr. Barlow cites *State v. McNaughton,* 924 S.W.2d 517 (Mo. App.1996), and *State v. Arndt,* 881 S.W.2d 634 (Mo.App.1994), to support his argument. Both of these cases state the general proposition that when police officers destroy evidence that would be potentially helpful to a criminal defendant, the defendant must show bad faith on the part of police officers to prove a denial of due process rights. *McNaughton,* 924 S.W.2d at 525 (the criminal defendant did not prove a denial of due process because he failed to show that the police officer acted in bad faith when he destroyed clothes that the defendant argued exculpated him of the crime of drug trafficking); *Arndt,* 881 S.W.2d at 638 (the criminal defendant did not prove a denial of due process because he made no showing that the police officers acted in bad faith when they "reblued" the pistol he used to kill his wife before he had a chance to retest the weapon). Mr. Barlow argues that this same principle should apply "where the 'bad faith' of the arresting officer does not result in the destruction of evidence, but instead results in the creation of a case." Mr. Barlow, however, does not cite any cases supporting this proposition, and the connection between the two concepts is not obvious. In addition, *McNaughton* and *Arndt* are both criminal cases, and, as seen in *Riche,* rules applicable to criminal cases are not necessarily applicable to administrative proceedings under section 302.505. *Riche,* 987 S.W.2d at 335–336.

 Second, Mr. Barlow argues that the trial court's decision must be upheld because the Director failed to prove, by competent means, Officer Leighty's certification. At trial, a copy of a certificate issued by the Missouri Department of Public Safety granting Officer Leighty a Class B license to seek employment as a peace officer was admitted into evidence as part of Exhibit 1. Mr. Barlow now argues that section 302.312, RSMo 2000, the statute authorizing the admission of properly certified records of the Department of Revenue, does not include records from the Department of Public Safety. However, Exhibit 1 was admitted into evidence in its entirety, without any objection by Mr. Barlow to the documents from the Department of Public Safety. " 'When evidence of one of the issues in the case is admitted into evidence without objection, the party against whom it is offered waives any objection to the evidence, and it may be properly considered even if the evidence would have been excluded upon a proper objection.' " *Turrell v. Mo. Dep't of Revenue,* 32 S.W.3d 655, 657–58 (Mo.App.2000) (quoting *Reinert v. Dir. of Revenue,* 894 S.W.2d 162, 164 (Mo. banc 1995)). Thus, this argument is waived. *Id.*

The judgment of the trial court is reversed and the case is remanded to the trial court with directions to reinstate the suspension of Mr. Barlow's driver's license.

All concur.