**Roy W. SINGLETON, Respondent,**

v.

**STATE of Missouri, Missouri
Department of Revenue,
Appellant.**

**No. WD 61678.**

Missouri Court of Appeals,
Western District.

Oct. 7, 2003.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 25, 2003.

John P. Clubb, Jefferson City, MO, for appellant.

Weldon W. Perry, Jr., Lexington, MO, for respondent.

Before HARDWICK, P.J., BRECKENRIDGE and SPINDEN, JJ.

LISA WHITE HARDWICK, Judge.

The Director of Revenue appeals from a circuit court judgment reinstating Roy Singleton's driving privileges following a suspension for driving while intoxicated. The Director contends Mr. Singleton failed

to present sufficient evidence to rebut the prima facie showing that he drove while intoxicated. We reverse the circuit court's judgment.

### Factual and Procedural History

On October 12, 2001, Police Officer Robert Raybourn noticed a vehicle making a wide right turn on 24th Street in Lexington, Missouri, at approximately 11:30 p.m. The vehicle briefly crossed over into the oncoming lane of traffic and then failed to stop at a stop sign. Officer Raybourn pulled the vehicle over and approached the driver, Roy Singleton. The Officer detected a strong odor of alcohol and noticed that Mr. Singleton's eyes were watery and bloodshot. After Mr. Singleton failed a field sobriety test, the Officer arrested him for driving while intoxicated.

At the police station, the Officer administered a breath test, which registered Mr. Singleton's blood alcohol concentration (BAC) at .156%. The Director of Revenue thereafter suspended Mr. Singleton's driver's license pursuant to Section 302.505.1, RSMo.2001 Supp.,[1] because his BAC exceeded the legal limit of .08%.

Mr. Singleton filed a Petition for Trial De Novo, upon which the circuit court heard evidence. The Director presented the testimony of Officer Raybourn to establish probable cause that Mr. Singleton was driving while intoxicated and that his BAC exceeded the legal limit.

To rebut the director's case, Mr. Singleton testified that he was not intoxicated[2] and that he could have successfully completed other field sobriety tests that Officer Raybourn elected not to administer. Mr. Singleton also testified that he requested Officer Raybourn to conduct a blood test in lieu of a breath test due to a stomach ailment which adversely affected his alcohol absorption rate. Officer Raybourn refused the request.

Several years prior to 2002, Mr. Singleton had a subtotal gastrectomy and partial esophagectomy, whereby portions of his stomach and esophagal tract were surgically removed. His treating physician, Dr. Daljeet Singh, testified that these removals would have significantly impaired Mr. Singleton's ability to absorb alcohol and would have caused more than an average amount of alcohol vapor to remain in his stomach because of the absence of stomach lining. Dr. Singh opined that Mr. Singleton's BAC level from the breath test was higher, due to his medical condition, than it would have been if a blood test had been performed.

In response to Dr. Singh's opinion, the Director presented William Whitmar, director of the Breath Alcohol Program for the Missouri Department of Health and the person responsible for approving equipment used by the State for blood alcohol analysis. Mr. Whitmar testified that a blood alcohol test would not be more accurate than a breath test for a person who had undergone partial removal of his stomach and esophagus. He explained that the partial absence of stomach lining would cause the person to absorb alcohol "more quickly" because the stomach normally "acts as a reservoir" that slows the pace at which alcohol enters the bloodstream. Notwithstanding Mr. Singleton's medical condition, Mr. Whitmar testified that the breath test, reporting a BAC of .156%, was accurate and scientifically valid.

After taking the matter under advisement, the circuit court entered judgment

---

1. All subsequent citations are to the Revised Missouri Statutes 2001 Supp., unless otherwise indicated.

2. Singleton admitted that he consumed seven beers in the eleven hours preceding his arrest.

rescinding the Director's suspension of Mr. Singleton's license. The court found the Director "did not demonstrate by a preponderance of evidence adduced at trial all circumstances and issues as required in Sections 302.53[5][3] and 302.505 RSMo." The Director appeals.

## POINT ON APPEAL

The Director's sole point on appeal is that the circuit court erred in rescinding the license suspension because the State presented a prima facie case, pursuant to § 302.505.1, which Mr. Singleton failed to rebut with competent and substantial evidence. In response, Mr. Singleton argues the circuit court's decision was proper because the Director failed to meet the State's burden of proving by a preponderance of the evidence that he drove while intoxicated. Mr. Singleton contends the Director's evidence was insufficient, in that: (1) the arresting officer performed only one field sobriety test to establish probable cause for the arrest; and (2) the breath test results were invalid based on Mr. Singleton's "peculiar medical condition" as attested to by Dr. Singh.

■ We must affirm the circuit court's judgment reinstating Mr. Singleton's driver's license unless it is unsupported by the evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Wellner v. Dir. of Revenue*, 949 S.W.2d 683, 684 (Mo.App. W.D.1997). We review the evidence in a light most favorable to the judgment, giving deference to the trial court's factual determinations. *Hawk v. Dir. of Revenue*, 943 S.W.2d 18, 20 (Mo.App. S.D.1997). "If the evidence is uncontroverted or admitted, so that the real issue is a legal one as to the legal effect of the evidence, then we

need not defer to the trial court's judgment." *Hampton v. Dir. of Revenue*, 22 S.W.3d 217, 220 (Mo.App. W.D.2000).

## STATUTORY FRAMEWORK

Section 302.505.1 permits the Department of Revenue to suspend the driver's license of any person arrested upon probable cause of driving while intoxicated. An aggrieved driver can seek a trial *de novo* at which the circuit court must determine whether the suspension is supported by evidence that: (1) the driver was arrested upon probable cause for violating an alcohol-related offense; and (2) the driver's blood alcohol concentration exceeded the legal limit of .08%. § 302.535.1; *Turrell v. Mo. Dept. of Revenue*, 32 S.W.3d 655, 657 (Mo.App. W.D.2000) (applying the predecessor statute under which the legal limit was .10%).

■ The "burden of proof" is on the State to establish grounds for the suspension or revocation by a preponderance of the evidence. § 302.535.1; *Miller v. Dir. of Revenue*, 719 S.W.2d 787, 789 (Mo. banc 1986). Consistent with this burden, the Director must initially present evidence to establish probable cause for the arrest and the driver's blood alcohol level of .08% or greater. *Testerman v. Dir. of Revenue*, 31 S.W.3d 473, 476 (Mo.App. W.D.2000). This prima facie evidence creates a presumption that the driver was intoxicated. The driver is then entitled to rebut the Director's prima facie case with evidence that his blood alcohol content did not exceed the legal limit. *Barrett v. Dir. of Revenue*, 963 S.W.2d 717, 719 (Mo.App. W.D.1998); *Stuhr v. Dir. of Revenue*, 766 S.W.2d 446, 449–50 (Mo. banc 1989) (driver "should be given opportunity to present

---

**3.** The trial court's judgment incorrectly cites to Section 302.530, which sets forth procedures for administrative review of license

suspensions. Section 302.535 sets forth the procedures for trial de novo review that are applicable in this case.

his defense"). Ultimately, the circuit court must determine whether the State has met the burden of proving by a preponderance of the evidence that the driver drove while legally intoxicated. *Collins v. Dir. of Revenue*, 691 S.W.2d 246, 252 (Mo. banc 1985).

In the instant case, the circuit court concluded the Director failed to meet the State's burden of proof under Sections 302.535 and 302.505. We must review the evidence to determine whether the Director presented a *prima facie* case and, if so, whether the medical testimony regarding Mr. Singleton's stomach ailment was sufficient to rebut the presumption that he drove while intoxicated.

## DIRECTOR'S PRIMA FACIE CASE

### 1. Probable Cause

■ The Director contends Officer Raybourn's testimony was sufficient to establish probable cause that Mr. Singleton committed an alcohol-related offense. Officer Raybourn testified that Mr. Singleton was pulled over after he made a wide turn, briefly crossed over into the oncoming lane of traffic, and then failed to stop at a stop sign. Upon approaching, the Officer noted that Mr. Singleton smelled of alcohol, his eyes were watery and bloodshot, his speech was slurred, and he was unable to stand easily. Mr. Singleton failed all six points on the gaze nystagmus test. A failure score of four or more indicates a person is legally intoxicated. *Peters v. Dir. of Revenue*, 35 S.W.3d 891, 893 (Mo. App. S.D.2001). Officer Raybourn chose not to administer additional field sobriety test because of the possibility of Mr. Singleton injuring himself due to his unsteady balance. The Director argues there was probable cause to arrest Mr. Singleton for driving while intoxicated based on the Officer's collective observations of Mr. Singleton's conduct as a driver, his physical appearance and speech, and his failed per-

formance on the only field sobriety test that could be safely administered.

■ In evaluating the existence of probable cause, the circuit court could consider the information possessed by Officer Raybourn before the arrest and the reasonable inferences therefrom. *Duffy v. Dir. of Revenue*, 966 S.W.2d 372, 380 (Mo. App. W.D.1998). Probable cause exists when an officer possesses facts which would warrant a reasonable person to believe that an offense has been committed by the individual to be arrested. *Peters*, 35 S.W.3d at 896.

The Director's evidence of probable cause in this case is similar to that presented in *Peters v. Dir. of Revenue*, 35 S.W.3d 891. In *Peters*, the driver was stopped after a police officer observed him speeding. *Id.* at 893. The officer noticed that the driver's eyes were watery and glassy, and he smelled of intoxicants. *Id.* The driver admitted to drinking a pitcher of beer that night. *Id.* The driver failed five out of six points in the gaze nystagmus test, and the officer declined to perform any additional field sobriety tests because the driver was unsteady. *Id.* Based on the totality of circumstances, the court of appeals found the officer had probable cause to arrest the driver for driving while intoxicated. *Id.* at 897. The officer's failure to conduct more than one field sobriety test did not negate the existence of probable cause given the additional indicators of intoxication, such as the driver's appearance, odor, and admitted alcohol consumption. *Id.*

We likewise conclude Officer Raybourn's testimony established probable cause that Mr. Singleton had committed an alcohol-related offense. The Officer did not solely rely on the gaze nystagmus test, as Mr. Singleton argues on appeal. The evidence of Mr. Singleton's aberrant driving conduct and his drunken appearance, gait,

speech, and odor—in addition to the failed sobriety test—were sufficient to support the Officer's reasonable belief that Mr. Singleton drove while intoxicated.

## 2. Blood Alcohol Content

■ To establish the second element of the prima facie case, the Director presented evidence that Mr. Singleton's BAC was .156% based on a breath test conducted shortly after his arrest. This evidence included the testimony of Officer Raybourn, who administered the breath test, as well as the admission of several forms documenting the test procedures. Mr. Singleton does not dispute the sufficiency of this evidence to meet the State's initial burden of presenting evidence that his BAC exceeded the legal limit of .08%. The Director met both requirements for a prima facie case, thereby creating a presumption that Mr. Singleton drove while intoxicated.

### REBUTTAL EVIDENCE

Mr. Singleton proffered a medical defense to rebut the Director's evidence that his BAC was .156% upon his arrest. His treating physician, Dr. Singh, confirmed that portions of Mr. Singleton's stomach and esophagus had been surgically removed several years ago. As a result of this procedure, Dr. Singh testified that it takes longer to absorb alcohol into Mr. Singleton's bloodstream because of the partial reduction of his stomach lining. Dr. Singh concluded that the retention of alcohol in Mr. Singleton's stomach would cause his BAC on the breath test to be "a lot higher than it would be under normal circumstances."

The Director contends Dr. Singh's testimony was insufficient to rebut the prima facie case because it did not establish that Mr. Singleton's BAC was below the legal limit of .08% at the time of his arrest. Dr. Singh merely stated that the BAC of .156% was higher than it otherwise would have been if Mr. Singleton had a normal stomach. Relying on our recent slip opinion in *Verdoorn v. Dir. of Revenue*, No. W.D. 60784 slip op. at 10–11, 2002 WL 31452804 (Mo.App.W.D. Nov. 5, 2002), the Director argues this testimony was not "competent and substantial" evidence to overcome the presumption that Mr. Singleton's BAC exceeded the legal limit. The Director, therefore, contends the driver's evidence failed to meet the "burden of production" required by *Verdoorn*.

After the briefs were filed in this appeal, the Supreme Court granted transfer of the *Verdoorn* case and vacated our slip opinion. Whether or not the Supreme Court embraces our clarification of the driver's burden of production in *Verdoorn*, the Director alternatively argues that Dr. Singh's testimony was insufficient to meet the preponderance of evidence standard previously applied to rebuttal evidence in *Booth v. Dir. of Revenue*, 34 S.W.3d 221, 223 (Mo.App. E.D.2000).[4]

Upon review of the record, we agree that the medical testimony did not overcome the presumptive validity of the State's intoxication evidence, regardless of whether a burden of proof or burden of production is applied to the rebuttal evidence. Dr. Singh's testimony indicated that Mr. Singleton's BAC was likely lower

---

4. The preponderance of evidence standard was first applied to rebuttal evidence in *Andersen v. Director of Revenue*, 944 S.W.2d 222, 224 (Mo.App. W.D.1997). In *Verdoorn*, slip. op. at 10, 2002 WL 31452804, we overruled *Andersen's* rebuttal standard and held that the driver has a burden of production, not a burden of proof, in license suspension and revocation cases. We held the driver must present "substantial and competent" rebuttal evidence to challenge the Director's prima facie case and raise "a genuine issue of fact regarding the validity of the blood alcohol test results." *Verdoorn*, slip op. at 10, 2002 WL 31452804.

than .156%, but he failed to give any opinion regarding Mr. Singleton's actual BAC at or about the time of his arrest. Dr. Singh did not quantify how much lower the BAC would have been if Mr. Singleton had been allowed to take a blood test or if his medical condition did not exist. The rebuttal evidence did not establish that these mitigating factors affected the validity of the breath test results to such an extent that Mr. Singleton's BAC was actually below the legal limit of .08%. The medical evidence failed to rebut the Director's *prima facie* showing that Mr. Singleton was legally intoxicated at the time of his arrest. The evidence was insufficient to meet either the driver's burden of production *or* burden of proof by a preponderance of the evidence, whichever the Supreme Court ultimately deems applicable.

## CONCLUSION

The circuit court erred in determining the Director failed to meet the burden of proving that Mr. Singleton drove while intoxicated. The Director presented evidence that Officer Raybourn had probable cause for the arrest and that Mr. Singleton's BAC exceeded .08%. In response, Mr. Singleton produced evidence that his BAC was likely below .156% but failed to make any showing that his BAC was actually below the legal limit when he was arrested. Thus, the evidence did not rebut the presumption of legal intoxication. The Director met the State's burden of proof pursuant to Section 302.505.1 and was thereby justified in suspending Mr. Singleton's driver's license. The circuit court's judgment reinstating the license is against the weight of the evidence. The judgment is reversed.

All concur.